**Jesse McDONALD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39832.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

**634**

Neal P. Murphy, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Jesse McDonald was convicted of robbery first degree by means of a dangerous and deadly weapon and was sentenced to 20 years imprisonment. Both conviction and sentence were affirmed on appeal in *State v. McDonald,* 527 S.W.2d 46 (Mo.App. 1974). Movant now appeals from a final order denying his motion to vacate judgment and sentence pursuant to Rule 27.26. The single contention before us is whether movant was denied effective assistance of counsel by his attorney's failure to request a psychiatric examination to determine movant's competency to stand trial. Review of the denial of a 27.26 motion is limited to an assessment of whether the findings, conclusions and judgments of the trial court are clearly erroneous. *Garrett v. State,* 554 S.W.2d 462 (Mo.App.1977). Perceiving no error in the trial court's disposition of movant's motion, we affirm.

The facts established at the 27.26 hearing relevant to this determination are as follows: movant was first admitted into Malcolm Bliss Mental Health Center on April 25, 1973 and was discharged on May 24, 1973, with a diagnosis of "undiagnosed functional psychosis." Two weeks later, movant was readmitted to Malcolm Bliss and stayed there until July 24, 1973. The discharge diagnosis was recorded as "paranoid schizophrenia probable." He was admitted for a third time on July 31, 1973 and discharged on September 24, 1974, with a diagnosis of "other paranoid state." Approximately three months later, movant was arrested and convicted for the offense giving rise to this 27.26 appeal. By his testimony, movant entered the hospital each time suffering from hallucinations and paranoia. He was treated with group therapy, thorazine and prolixin and was still ingesting the drugs at the time of his arrest.

Movant's trial attorney testified that movant had informed him of his psychiatric history during the initial interview. The attorney could not recall whether he discussed the possibility of a psychiatric exam-

ination with movant or his family. He was unequivocal, however, about his assessment of his client's competency:

Q. Is there anything in your preparing of this case which lead [sic] you to believe that Mr. McDonald was not competent to assist you in the trial of this case?

A. No, we talked about it. He maintained his innocence and he gave me names of alibi witnesses and there is nothing I recall that indicated he was not competent to cooperate and assist in his own defense.

Q. You don't remember any abnormal behavior during the course of the trial on his part?

A. No.

When claiming prejudice as the result of ineffective counsel, movant must demonstrate by a preponderance of the evidence that the efforts and representation of the attorney were so inadequate as to deprive him of a fair trial. *Stevens v. State,* 560 S.W.2d 599 (Mo.App.1978); *Nelson v. State,* 537 S.W.2d 689 (Mo.App.1976). An accused who lacks the mental capacity to understand the proceedings against him or to act rationally in his own defense may not be submitted to criminal prosecution. *Brown v. State,* 485 S.W.2d 424 (Mo.1972); *McCarthy v. State,* 502 S.W.2d 397 (Mo.App. 1973). Yet, suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial. *Garrett v. State,* supra. Neither does the fact of commitment in a mental hospital, *Chapman v. State,* 506 S.W.2d 393 (Mo.1974), considerable emotional disturbance, *State v. Stein,* 504 S.W.2d 1 (Mo.1974), nor alcoholism and drug addiction, *McCarthy v. State,* supra, make a defendant incompetent as a matter of law. Despite diagnoses of psychosis, movant appeared aware of the charges against him and capable of aiding in his own defense. Prior to trial movant maintained his innocence and sought vindication through the judicial process. He rejected the possibility of plea bargaining and even provided the names of two alibi witnesses. The evidence presented clearly supports the trial court's finding that movant's counsel at trial gave adequate, effective, and competent representation and reasonably concluded that movant was competent to stand trial regardless of whether he requested a psychiatric examination for him under the circumstances. *Garrett v. State,* supra.

Affirmed.

KELLY and REINHARD, JJ., concur.