**Paul SHIELDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53354.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Michael D. Burton, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant was convicted of felonious restraint, burglary in the first degree, and assault in the second degree. These were upheld on appeal. *State v. Shields*, 709 S.W.2d 556 (Mo.App.1986). Movant sought to vacate these convictions on the ground of ineffective assistance of counsel.

On appeal, movant's sole point is that counsel was ineffective for not pursuing the defense of mental disease or defect because movant suffered from manic-depression.

Our review of the motion court's findings, conclusions and judgment is limited to whether they are clearly erroneous, Rule 27.26(j), and they are clearly erroneous only if, after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Movant's trial counsel testified at the evidentiary hearing. He stated movant was examined by a psychiatrist prior to trial, who concluded that movant was not suffering from a mental disease or defect at the time of the crime, and was competent to stand trial. Counsel stated he met with movant to discuss the psychiatric report. Movant suggested witnesses he believed could aid in establishing an insanity defense, and these witnesses were investigated. After reading the report, meeting with movant, and investigating the witnesses, counsel decided an insanity defense was not feasible. Instead, he believed the best defense at trial was to show "that it didn't happen the way the State [sic] witness said it happened."

Movant produced the report from a psychiatric exam conducted approximately three months after sentencing in which he was diagnosed as manic-depressive. Mov-

ant contends that additional pre-trial investigation by counsel would have revealed the manic-depression earlier and allowed for the defense of mental disease or defect.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Sanders v. State*, 738 S.W. 2d at 858. We must view the reasonableness from counsel's perspective at the time and eliminate the effects of hindsight. *Id.* Counsel could rely on the pre-trial psychiatric report regarding movant's mental state as of the time of the offense, and his investigation of witnesses did not give him reason to doubt the accuracy of the report. The fact that movant was diagnosed as manic-depressive after trial does not impugn the reasonableness of counsel's actions. The evidence was persuasive that movant was not suffering from a mental disease or defect at the time the crime was committed; therefore, counsel was not ineffective in failing to pursue the defense of insanity. *Jones v. State*, 600 S.W.2d 189, 191[2] (Mo.App.1980).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.