**David McCALL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 55572.**

Missouri Court of Appeals, Eastern District, Division One.

May 30, 1989.

Steven M. Davis, Asst. Public Defender, Hillsboro, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

Movant pled guilty to unlawful use of a weapon and tampering with a witness; the court sentenced him to two concurrent five year prison terms. The facts which the state recited and to which movant agreed are as follows: movant was involved in a disagreement at a tavern; he had in his possession a loaded rifle; when sheriff's deputies arrived, he fired four or five shots; after he was arrested, movant on three separate occasions went to the residence of two persons who had witnessed the incident at the tavern and "taunted" them; when movant was asked to leave, he responded, "Make me."

Movant filed a pro se Rule 24.035 motion wherein he alleged his plea was involuntary because he erroneously believed he would be eligible for parole.[1] Counsel was appointed on June 30, 1988, and the court granted movant a total of 60 days to file an amended motion and request an evidentiary hearing (30 days pursuant to Rule 24.035(f) plus a 30 day extension by the court). No amended motion was filed until September 1, 1988. Because no timely amended motion or request for hearing was made, the motion court denied an evidentiary hearing. Additionally, the court found "Even if a request was timely made, the files and records of the case conclusively show the movant is not entitled to relief." The court specifically found "The movant's allegation of being under the belief that he would be eligible for parole does not make the movant's plea unintelligent or involuntary."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

---

**1.** Persons convicted of tampering with a witness are ineligible for parole. § 575.270, RSMo 1986.

■ In his only point[2] on appeal, movant presses his claim that he believed he would be eligible for parole after serving a period of time in the penitentiary and that his plea was therefore involuntary.[3] It is well settled that a disappointed hope of a lesser sentence does not make a plea involuntary. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). When a movant claims to have suffered from a mistaken belief about his sentence, we look at the record of the guilty plea to determine whether that belief is reasonable. *Marlatt v. State*, 672 S.W.2d 165, 167 (Mo.App. 1984). Only when it appears that a movant's belief is based on positive representations upon which a movant is entitled to rely will we conclude a movant's mistaken belief is reasonable. *Oldham v. State*, 740 S.W.2d 213, 214 (Mo.App.1987). Here the guilty plea transcript is completely devoid of any hint that movant would be eligible for parole. Moreover, movant has not alleged, either in his pro se or amended motions, that anyone made any promises to him relating to parole, and the plea transcript reveals that movant specifically denied that any promises were made.

The findings and conclusions of the motion court are not clearly erroneous.

CRANDALL, P.J., and CRIST, J., concur.

2. Were we so inclined, we could strike movant's brief and dismiss his appeal because his sole point relied on is in complete disregard of Rule 84.04(d) in that there is no statement of wherein and why the motion court erred and no citation of authority in support of his point.

3. Movant does not challenge the court's ruling that his amended motion and request for hearing were untimely. We note however, that under our Supreme Court's recent pronouncement in *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989), the motion court's ruling was correct, and the court could have denied an evidentiary hearing based on untimeliness alone.