**Allen F. HASSLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57205.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 11, 1990.

Application to Transfer Denied
June 19, 1990.

---

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Movant was convicted of three counts of rape in 1984 and sentenced to three consecutive eight year sentences. This court affirmed movant's conviction upon direct appeal in *State v. Hassler,* 690 S.W.2d 178 (Mo.App.1985). On February 5, 1988, movant filed a pro se motion for post-conviction relief. The motion was labeled as a former Rule 27.26 motion (repealed 1987), but was correctly treated as a Rule 29.15 motion. Rule 29.15(m). The court appointed a public defender to represent movant on February 25, 1988. Counsel filed an amended motion including a request for an evidentiary hearing on August 11, 1988.

On July 10, 1989, the court held that:

Since petitioner's motion is under 29.15, it follows that a request for hearing must be filed on or before the date the amended motion is due. Such a request was not filed. In such instance 29.15(g) provides that "a hearing shall not be held." Because the rules prohibit a hearing in this case, the case is dismissed.

Plaintiff filed a notice of appeal on August 8, 1989. On August 28, 1989, the motion court entered findings of fact and conclusions of law. The court stated that its July 10 order was ambiguous in that the court only intended to rule on the issue of whether or not there would be an evidentiary hearing. The findings of fact and conclusion of law noted that the amended motion was untimely filed and must be disregarded. Rule 29.15(f). The court then addressed the allegations of ineffective assistance in the pro se motion. It held that trial counsel's failure to call five named witnesses for impeachment purposes was a matter of trial strategy which does not independently support post-conviction relief. *McClain v. State,* 686 S.W.2d 879 (Mo.App.1985).

■ This appeal must initially address the effect of the July 10 and August 28 orders. The July 10 order appeared on its face to be a final order over which the motion court lost jurisdiction after thirty days. Rule 75.01. Under Rule 74.06(a), however, the court had jurisdiction to correct clerical errors after the thirty days expired. This new rule, effective January 1, 1988, codifies the common law relating to nunc pro tunc orders. The rule allows a court to correct errors in the record resulting from oversight or omission and allows the record to reflect judgments actually rendered at a prior time but not faithfully transcribed in the record. *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823, 826 (Mo.App.1986). Clerical errors do not include judicial errors and the rule may not be used to enter a judgment different from that judgment actually made even if the

judgment made was not the judgment intended. *Id.*

In *Missouri Highway and Transportation Commission v. Roth*, 735 S.W.2d 19, 22 (Mo.App.1987), this court held that a trial court had jurisdiction to make a correction nunc pro tunc where it had rendered judgment for a party but entered a judgment contrary to the dictates of the applicable statute. We held that where the law dictates a certain judgment "it is presumed that the judgment rendered by the court was such a judgment as only could have been rendered, and anything short of that will be attributed to the mistake or misprision of the clerk" even if the judge actually made the error. *Id.* at 22.

That reasoning applies to the case at bar. The facts found in the order, when combined with Rule 29.15(g), required an order denying the evidentiary hearing. Rule 29.15(i) prohibited dismissal of the motion without findings of fact and conclusions of law. We may assume that the final four words of the order reflected a clerical mistake, not the judgment actually rendered, and thus the court had jurisdiction to correct the order on August 28.

The preferable procedure in such a case is for the court to enter a separate order specifically correcting the mistake and identifying Rule 74.06(a) as the source of jurisdiction for that action. Also, because an appeal was pending, the trial court should have sought this court's leave to correct the error. Rule 74.06(a). In the interests of judicial economy, however, we will treat the case as if permission had been asked and granted and as if the lower court had entered a separate order. This opinion will consider the July 10 order as merely denying an evidentiary hearing and consider the August 28 order as dismissing the motion.[1]

With this conclusion in mind, we turn to movant's first point relied on. Movant claims the trial court erred in failing to enter specific findings of fact and conclusions of law as required by Rule 29.15(i). This point considers the July 10 order as finally disposing of the case and ignores the August 28 findings of fact and conclusions of law. We have held, however, that the July 10 order was not final and the August 28 findings were sufficient to comply with Rule 29.15(i).

Movant's second point claims the trial court erred in failing to grant an evidentiary hearing. Rule 29.15(g) directs a motion court to deny an evidentiary hearing if there is no timely request for a hearing. Movant did not make a timely request and the court properly denied him an evidentiary hearing.

In a footnote, appellant also argues that the time limits for filing amended motions and requests for hearings are unconstitutional violations of the due process guarantees of the fifth and fourteenth amendments. The brief contains no authority or argument in support of this proposition, however, so we decline to address it. Rule 84.04(d).

The judgment of the motion court is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.

---

1. Although the August 28 findings of fact and conclusions of law were untimely entered more than 30 days after submission of the case, Rule 29.15(i), there is no remedy or effect to this lapse. *King v. State*, 772 S.W.2d 6, 7 (Mo.App. 1989).