**Charles McFARLAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42727.**

Missouri Court of Appeals, Western District.

Oct. 16, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

PER CURIAM:

Charles McFarland sought postconviction relief pursuant to Rule 24.035, after pleading guilty to receiving stolen property. The trial court granted an evidentiary hearing and denied relief. On appeal Mr. McFarland contests the sufficiency of the findings of fact and conclusions of law, and the denial of his claim that his plea was coerced and involuntary.

The judgment is affirmed.

Mr. McFarland appeared in court on March 7, 1988, for the purpose of pleading guilty to receiving stolen property pursuant to a plea agreement. Under that agreement, the state recommended a seven-year sentence with suspended execution and placement on probation for five years. However, at sentencing on August 15, 1988, the trial court rejected the state's recommendation, then offered Mr. McFarland the opportunity to withdraw his guilty plea. Mr. McFarland decided to persist with his guilty plea and to accept a second plea offer which provided for five years' imprisonment with no probation. The trial court sentenced him accordingly.

On November 14, 1988, Mr. McFarland filed his Rule 24.035 motion, seeking to vacate his conviction and sentence. In that motion, he alleged five grounds for relief. He raises two points on appeal.

In Point I, Mr. McFarland contends that the findings of fact and conclusions of law failed to comply with Rule 24.035(i) because of their lack of specificity and their untimely filing. Rule 24.035(i) states that the court shall issue its findings and conclusions "within thirty days of the submission of the case." Under Rule 75.01, the trial court may modify its judgment only within the thirty-day period after entry of judgment.

At the conclusion of Mr. McFarland's evidentiary hearing held on February 14, 1989, the trial court denied relief on four grounds and articulated reasons for the denials. Wanting to review the guilty plea transcript, the court took under advisement the remaining ground which alleged that counsel coerced the plea. On February 16, 1989, the court issued the following order:

Case again taken up and the court makes findings of fact and conclusions of law and denies Petitioner's motion as per Order filed.

In spite of Mr. McFarland's motion requesting specific findings and conclusions, the trial court took no action until March 23, 1990, which occurred nearly three months after the filing of the notice of appeal and on the same day as the filing of the record on appeal in this court. On that date, the trial court issued a second order which contained detailed findings and conclusions on all grounds raised.

Mr. McFarland meritoriously submits that the February 16 order lacked the necessary specificity as contemplated by the directives on findings and conclusions in Rule 24.035(i). He makes no challenge to the specificity of the findings and conclusions contained in the March 23 order, but insists that remand is required because that order was untimely filed and because it constituted a nullity for lack of jurisdiction. In support, he relies on Rule 24.035(i) and Rule 75.01. Mr. McFarland points out that the March 23 order was made more than one year after the February 16 order and contends that such untimeliness violates both rules.

■ Two recent cases dispel Mr. McFarland's arguments. In *King v. State*, 772 S.W.2d 6, 7 (Mo.App.1989), this court held that the trial court's failure to enter timely findings and conclusions does not entitle the movant to relief on appeal because Rule 24.035(i) lacks any enforcement mechanism. In *Hassler v. State*, 789 S.W.2d 132, 133 (Mo.App.1990), the trial court's order dismissing a postconviction motion stated merely that a hearing had not been requested in a timely manner. After the filing of the notice of appeal, the trial court issued another order, acknowledging the ambiguity of its previous order and addressing each substantive claim for postconviction relief. *Id.* Although more than thirty days had elapsed since the purported order of dismissal, the Eastern District found that the trial court had jurisdiction to correct the clerical error contained therein pursuant to Rule 74.06(a). *Id.* That rule allows a court to correct errors in the record resulting from oversight or omission and allows the record to reflect judgments actually rendered at a prior time but not faithfully transcribed in the record. *Id.* Even though the trial court failed to follow the preferable procedure by entering a separate order which identified Rule 74.06(a) as its source of jurisdiction and by seeking leave of the appellate court to correct the error, the Eastern District treated the subsequent order as findings and conclusions in compliance with Rule 29.15(i). *Id.* at 134.

■ In this case, the untimely filing of the March 23 order entitles Mr. McFarland to no relief. *King*, 772 S.W.2d at 7. Additionally, the March 23 order constitutes a correction of the February 16 order which erroneously referred to unfiled findings and conclusions. *Hassler*, 789 S.W.2d at 134. The findings of fact and conclusions of law contained in the March 23 order are sufficiently specific to permit meaningful appellate review. Mr. McFarland makes no showing that remand for further findings and conclusions would benefit him. The law does not require the doing of a useless act. *Townsend v. State*, 740 S.W.2d 328, 329 (Mo.App.1987). Point I is denied.

In his second point, Mr. McFarland argues that the trial court clearly erred in denying his claim that his counsel's erroneous advice coerced his guilty plea. At his evidentiary hearing, Mr. McFarland maintained that counsel had convinced him that the August 15 plea offer included provisions for a probation hearing after he had served 120 days of his sentence. Wallace Trosen, trial counsel, testified at the hearing that he had discussed with Mr. McFarland at some point during the lengthy plea negotiations the possibility of 120–day shock probation along with all types of arrangements for disposition of the charge. Mr. McFarland argues that the evidence showed his counsel misled him and that he reasonably relied on that erroneous advice in pleading guilty.

■ A Rule 24.035 movant's claim of mistaken belief about a sentence is subjected to the test of reasonableness. *McCall v. State*, 771 S.W.2d 357, 359 (Mo.App.1989). A mistaken belief is reasonable only when it is based on a positive representation

upon which the movant is entitled to rely. *Id.*

Here, the record refutes Mr. McFarland's claim that he reasonably relied on a promise of receiving 120–day shock probation. The trial court was entitled to reject Mr. McFarland's testimony that counsel told him that the plea agreement provided for probation. The guilty plea record reveals that the terms of the plea agreement clearly provided for five years' imprisonment with no probation. Mr. McFarland acknowledged his acceptance of those terms and stated that counsel had made him no other promises. Point II is denied.

The denial of postconviction relief was not clearly erroneous and the judgment is affirmed. Rule 24.035(j).