**Joseph Edward FULTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 60210.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 15, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1991.

Application to Transfer Denied Jan. 28, 1992.

See also 719 S.W.2d 46.

Joseph Edward Fults, pro se.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant was convicted of one count of rape, two counts of sodomy, and one count of incest. The jury recommended twenty-five years for Count I, five years for Count II, five years for Count III, and five years for Count IV. On June 4, 1984, the trial court sentenced Movant as recommended by the jury to consecutive sentences for a total of forty years. *See State v. Fults,* 719 S.W.2d 46, 47 (Mo.App.1986) for a more complete statement of the facts. We affirm.

Subsequent to the denial of his direct appeal, Movant filed a motion for post-conviction relief under Rule 27.26 (repealed). This motion was denied, and the denial was upheld on appeal. *See Fults v. State,* 779 S.W.2d 688 (Mo.App.1989).

On December 28, 1990, Movant filed a motion entitled "Petition for Relief from Judgment or Order in Forma Pauperis." This motion requested relief under Rule 74.06(b). In this motion, Movant asserted that his terms of imprisonment were unfairly imposed consecutively by virtue of

an ambiguity in the sentencing provision of § 558.026.1, RSMo Supp 1984.

In *Williams v. State,* 800 S.W.2d 739 (Mo.banc 1990), and *State v. Burgess,* 800 S.W.2d 743 (Mo.banc 1990), the Missouri Supreme Court held § 558.026.1 to be ambiguous and declared that "when a defendant's convictions consist only of sex offenses the sentencing court has discretion to run them concurrently." *Burgess,* 800 S.W.2d at 744 [1, 2]. Prior to the *Williams* and *Burgess* cases, the Eastern District of the Missouri Court of Appeals had held that consecutive sentencing was mandated under § 558.026.1 in such situations. *See State v. Toney,* 680 S.W.2d 268, 273[4] (Mo.App.1984); *Adams v. State,* 688 S.W.2d 401, 403[2, 3] (Mo.App.1985).

On April 4, 1990, the motion court sustained the State's motion to dismiss. On April 16, 1990, the motion court amended its previous order denying Movant relief. The court stated a number of grounds for its order. It found that Movant's pleading that the sentencing judge may not have exercised his discretion was hypothetical, and that the sentence was within the range of punishment permitted by law. The court therefore found that Movant did not state a cause of action. The motion court further found that the correct procedural vehicle for relief in this criminal proceeding would have been a Rule 29.15 motion, rather than the Rule 74.06(b) motion filed by Movant. The motion court held that because Movant had previously availed himself of the post-conviction relief afforded by Rule 27.26 (repealed), and because Movant had not raised this issue in his prior 27.26 motion, Movant was barred from proceeding under Rule 29.15.

On appeal, Movant contends his motion under Rule 74.06(b) is separate and distinct from a Rule 29.15 motion, and that Rule 74.06 is applicable to cases of criminal procedure. Movant cites two cases as authority for this proposition: *Hassler v. State,* 789 S.W.2d 132 (Mo.App.1990), and *McFarland v. State,* 796 S.W.2d 674 (Mo.App. 1990). Movant is incorrect. The courts in these cases utilized Rule 74.06 as a grant of jurisdiction to make corrections nunc pro tunc to Rule 29.15 and Rule 24.035 judgments. *Hassler,* 789 S.W.2d at 134[2]; *McFarland,* 796 S.W.2d at 676[2]. This application of a civil procedure rule to post-conviction proceedings is clearly anticipated by the post-conviction rules themselves. *See* Supreme Court Rule 29.15(a) and Rule 24.035(a). However, Rule 74.06 does not confer jurisdiction over the trial court to correct judgments in the underlying criminal proceedings. Rule 29.15(a) provides:

(a) Nature of Remedy—Rules of Civil Procedure Apply. A person convicted of a felony after trial claiming that the conviction or sentence imposed violate the constitution and laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This Rule 29.15 provides *the exclusive procedure* by which such person may seek relief in the sentencing court for the claims enumerated. The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable. (emphasis added).

This provision of Rule 29.15 mandating the rule as the exclusive remedy for such claims bars consideration of motions outside Rule 29.15. *See Watkins v. State,* 784 S.W.2d 347, 348[1, 2] (Mo.App.1990).

The motion court was therefore correct in its dismissal of Movant's motion. Movant had exhausted his right to proceed with a post-conviction relief motion because of his prior Rule 27.26 motion. Successive motions are not permitted. Rule 29.15(k); *Swenson v. State,* 772 S.W.2d 673, 674 (Mo.App.1989).

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.