Charles PHELPS, Appellant,

v.

STATE of Missouri, Respondent.

No. 60108.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 22, 1992.

Barbara Hoppe, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Allen Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Charles Phelps, appeals from an order of the Circuit Court of Lincoln County denying his Rule 24.035 motion without an evidentiary hearing. We affirm.

On May 22, 1987, movant pled guilty to four counts of sexually abusing three girls, ages 9, 6 and 3. From the record, it appears that movant was originally charged with three counts of the Class B felony of rape; however, due to the efforts of his trial counsel, the State amended the charges against movant to the Class D felony of sexual abuse in the first degree. On July 10, 1987, movant was sentenced to five years on each of the four counts with the terms to be served consecutively.

On May 12, 1988, movant filed a motion styled "Motion for Reduction of Sentence." In the motion, movant requested relief pursuant to Rule 29.05. The trial court treated this motion as a motion pursuant to Rule 24.035 for post-conviction relief and appointed the public defender's office to represent movant. On August 26, 1988, an amended motion was filed. Neither the *pro se* nor the amended motion in this case made a request for an evidentiary hearing.

On November 13, 1990, during the pendency of the proceedings on the motions, movant's post-conviction attorney voluntarily surrendered his license to practice law in the State of Missouri, resulting in disbarment. No new counsel was appointed to represent movant and, on March 25, 1991, the motion court dismissed movant's 24.035 motion by docket entry, failing to enter findings of fact and conclusions of law. An appeal was taken on May 3, 1991, after this court granted leave to appeal out of time. Twelve days after the appeal was filed, and fifty-one days after the order of the motion court dismissing movant's motion, the motion court issued a one-page order rescinding its previous dismissal and entering a new order dismissing movant's motion and issuing findings of fact and conclusions of law. Out of this procedural morass comes the present appeal.

■ First this court is compelled to consider whether or not movant's May 12, 1988, "Motion for Reduction of Sentence" may be considered a *pro se* Rule 24.035 motion. Because movant was sentenced

prior to January 1, 1988, and his amended motion was not filed until well after June 30, 1988, Rule 24.035(*l*) would compel this court to dismiss movant's post-conviction relief motion as untimely if the May 12 motion cannot be treated as a proper *pro se* motion pursuant to Rule 24.035. We note that the State has filed a motion to dismiss in this case contending that the May 12 motion may not be treated as a 24.035 motion and is so confident of its position that the arguments in its brief relate to nothing but this issue. The State's confidence is misplaced.

■ The rules for post-conviction relief do not require *pro se* movants to file motions suitable for framing. Instead, the rule requires the motions to be "substantially in the form of Criminal Procedure Form No. 40." Rule 24.035(b). The movant's "Motion for Reduction of Sentence" complies with this requirement in most respects. Indeed, it is quite obvious from the motion that the movant used Form 40 as a guide. Each question in Form 40 has a corresponding statement in movant's "Motion for Reduction of Sentence." All that is lacking is the required verification and this requirement, having been supplied by his post-conviction counsel in the amended motion, has been satisfied and is not a bar to the motion court's jurisdiction. *Wilson v. State*, 813 S.W.2d 833, 834 (Mo. banc 1991).

The State contends that because movant referred to Rule 29.05 in his motion and titled his motion as a "Motion for Reduction of Sentence," we are compelled to follow *Rice v. State*, 779 S.W.2d 771 (Mo.App., S.D.1989) and cannot treat movant's motion as one for post-conviction relief. The State ignores several crucial facts. In *Rice*, the Rule 29.05 motion was not part of the record on appeal. *Rice*, 779 S.W.2d at 773. Here, the motion is part of the appeal. In *Rice*, the allegations in the motion did not allege that the sentences were imposed in violation of the constitution or laws of Missouri or of the United States. · *Id.* at 774. Here, the allegations in the "Motion for Reduction of Sentence" are typical post-conviction relief claims of ineffective assistance of counsel, failure of the court to follow plea negotiations, etc. Finally, in *Rice*, the trial court treated the Rule 29.05 motion as a Rule 29.05 motion. *Id.* at 775. In the present case, the motion filed by movant was clearly treated as one for post-conviction relief pursuant to Rule 24.035. We cannot expect perfection from *pro se* post-conviction motions. Although movant incorrectly cited Rule 29.05 and mistitled his motion, as movant substantially followed the requirements of Form 40 and the motion court treated the motion as one for post-conviction relief, we hold that the motion court had jurisdiction.

■ Movant's first claim on appeal is that the trial court erred in failing to appoint him new counsel after his post-conviction counsel was disbarred. We agree. However, finding no prejudice in this case, we do not believe that this issue mandates reversal.

■ The standard of review in post-conviction cases is limited to determining whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *Thurston v. State*, 791 S.W.2d 893, 895 (Mo.App., E.D.1990). The findings and conclusions of the motion court are deemed clearly erroneous only if a review of the entire record leaves this court with a firm impression that a mistake has been made. *Thurston*, 791 S.W.2d at 895.

The motion court found that movant suffered no prejudice from the court's failure to appoint new counsel after his post-conviction counsel was disbarred. We agree. Unlike those cases cited to us by movant where counsel "abandoned" the *pro se* litigants to their prejudice by failing to file amended motions, *see Sanders v. State*, 807 S.W.2d 493, 494 (Mo. banc 1991); *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991), movant's attorney did file an amended motion in this case. As no request for hearing was made in either the *pro se* or amended motion, no hearing was required. Furthermore, by the time movant's post-conviction relief counsel was disbarred, it was far too late to request a hearing pursuant to Rule 24.035(g). The job of movant's post-conviction counsel was, therefore,

complete until such time as the court ruled on the motion. At that time, movant would require new counsel to file an appeal and represent movant on appeal, however, new counsel has been appointed to movant for that purpose. While the trial court certainly should have appointed movant new counsel after his original counsel's disbarment, we do not see how movant has suffered prejudice. Point denied.

Movant next asserts the motion court failed to issue findings of fact and conclusions of law. The basis for this claim is the motion court's initial docket entry dismissal of movant's motion and not the later filed order of the motion court. While it is true that the motion court's docket entry of "motion ordered dismissed" is clearly insufficient under Rule 24.035(i), *Holloway v. State,* 764 S.W.2d 163, 164–65 (Mo.App., W.D.1989), we note that findings of fact and conclusions of law were made in the motion court's later order and movant has not challenged the sufficiency of these findings of fact and conclusions of law on appeal.

This brings us to movant's next point. Movant contends that the motion court was without jurisdiction to enter the May 3rd, 1991, order which contained the findings of fact and conclusions of law because the order was filed after appeal was taken and well after the motion court lost jurisdiction under Rule 75.01. If movant is correct in this contention, this court would obviously have to remand the case to the motion court to enter findings of fact and conclusions of law.

An issue similar to this one was addressed by this court in *Hassler v. State,* 789 S.W.2d 132 (Mo.App., E.D.1990). In *Hassler,* the motion court dismissed appellant's Rule 29.15 motion without entering findings of fact and conclusions of law. Almost thirty days later, the appellant filed an appeal. Twenty days after the appeal and well outside the thirty days proscribed by Rule 75.01, the motion court entered findings of fact and conclusions of law, claiming that its prior order was "ambiguous" and was only intended to deny an evidentiary hearing.

This court held that the motion court in *Hassler* could file findings of fact and conclusions of law despite the earlier ruling. The court found that Rule 74.06(a) permitted the court to correct errors resulting from oversight and omission and allowed the record to reflect judgments rendered but not faithfully transcribed. *Id.* at 133. Even though the motion court had failed to mention Rule 74.06(a) in its order and had failed to seek leave of the court of appeals to correct the error, this court held that the trial court had jurisdiction to enter the subsequent order with findings of fact and conclusions of law and that these satisfied the requirements of Rule 29.15(i). *Id.* at 134.

A similar result was reached in *McFarland v. State,* 796 S.W.2d 674 (Mo.App., W.D.1990). In *McFarland,* the court issued findings of fact and conclusions of law on several issues directly after appellant's hearing. The motion court then issued an order two days later purporting to dispose of the other issues. However, this later order did not make specific findings of fact and conclusions of law on these issues. More than one year later, the motion court issued specific findings of fact and conclusions of law on these points. The Western District, relying on *Hassler,* held that the findings of fact and conclusions of law entered by the motion court amounted to a "correction" of the earlier order and affirmed. *McFarland,* 796 S.W.2d at 676.

We find the *Hassler* and *McFarland* opinions to be persuasive precedent. Although the motion court erred in dismissing the movant's motion without the entry of findings of fact and conclusions of law, the motion court had jurisdiction to correct its order by issuing omitted findings of fact and conclusions of law in its later order. In addition, we can perceive no possible prejudice to movant by permitting the entry of the order in this case. Movant has made no showing that he would incur any benefit from this court remanding this case to the motion court for further findings and conclusions. The law does not require

the doing of a useless act. *McFarland*, 796 S.W.2d at 676. Point denied.

Movant's final point alleges that the motion court erred in failing to permit a change of judge pursuant to Rule 51.05 and denying his right to an impartial judge because the amended motion raised allegations of bias and prejudice.

■ Movant acknowledges that the Missouri Supreme Court recently held that Rule 51.05 does not apply to grant an automatic change of judge in *pro se* conviction relief cases. *See Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991). Movant contends, however, that *Thomas* should not be followed in this case because the motion for change of judge here was filed "long before the *Thomas* decision" and would have been granted as the law existed at that time. Movant cites no caselaw for this position and we find nothing in *Thomas* to indicate that it was to only apply to motions filed after it was handed down. The motion court did not err in failing to grant an automatic change of Judge.

■ Movant also alleges that a change in judge should have been ordered here because the amended motion alleged bias and improper sentencing on the part of the judge. We find no merit to movant's contention.

During the sentencing of the movant, the court stated:

Mr. Phelps, the Court at this time has been asked by your counsel and members of your church and family who have testified in your behalf, to consider whether ot [sic] not the Court should grant any form of judicial clemency as far as probation.

Mr. Phelps, you're considered—or, what I consider to be what is called a pedophile. A pedophile is one who there's no evidence of any cure for. You're the type of person that will have to always be away from children. You're not going to be able to be left alone with children because of the urge to do what you have already committed.

You were originally charged with three counts of rape in Cause No. 76FX. From the pre-sentence investigation, and evidence that was presented, those cases may have had some merit; however, in your plea negotiation, and through the efforts of your counsel, you have obtained an amended charge and Information from a Class B felony to a Class D felony.

Your counsel has already retained tremendous relief for you from the type of sentence that could have been imposed by a jury had those cases gone to a jury trial.

Based upon your conduct, the Court can appreciate the concern that the members of your church have for you, and the Court appreciates your family's support, but these offenses are such that they have tremendous impact upon the minor children that are involved. The Court doesn't know of [a] much more serious crime than what you have committed.

The Court believes that you have already obtained, through your counsel in his negotiation, the benefit of the plea negotiation and this Court cannot grant you any further judicial clemency, and, so, any further request for probation is ordered denied. You are remanded to the custody of the Sheriff for which purpose he may employ one guard. Good luck to you, sir. You're excused.

Movant contends that the court's reference to him as a "pedophile," a disease for which the court alleged "there's no evidence of any cure for" amounted to evidence of bias. According to movant, there was no evidence in the pre-sentencing investigation (PSI) report indicating movant was a pedophile and that, in fact, the PSI recommends probation.

■ We initially note that we do not have movant's PSI before us and cannot determine the validity of movant's claims. We do note that the page of the sentencing transcript which movant contends indicates that the PSI recommended probation does not show this. Instead, the PSI made recommendations for conditions *if* movant was placed on probation. Assuming the PSI did not refer to movant as a pedophile or state

that there is no cure for such a condition, we still do not believe this amounts to bias on the part of the trial court. While the law is very jealous of the notion that a judge should be impartial, *State v. Lovelady*, 691 S.W.2d 364, 365 (Mo.App., W.D. 1985), not every prejudice rises to the level that is legally sufficient to disqualify a judge from the duty of hearing a case. *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo.App., E.D.1990). The key is whether an onlooker might, on the basis of objective facts, reasonably question whether the judge is impartial. *Lovelady*, 691 S.W.2d at 365. This is done with a presumption that one who is a judge will not undertake to preside in a case in which he cannot be impartial. *State v. Hoeber*, 737 S.W.2d 484, 486 (Mo.App., E.D.1987).

In the present case, we find no evidence of bias. The motion court in this case offered a fair hearing to the movant and his comments to the effect that he believed movant to be what *he* considered to be a pedophile did not indicate undue prejudice against the movant. At most, the motion court's comments amounted to comments on unreliable information outside of the record. However, as we believe the court did not place substantial reliance on the information in determining movant's sentence, and, instead, relied on the severity of the crime, and the fact movant had already received an advantageous plea bargain from the State and was deserving of no more judicial clemency, we cannot find that the trial court erred. *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984); *State v. Collette*, 199 Conn. 308, 507 A.2d 99, 106 (1986). Point denied.

The decision of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.