**STATE of Missouri, ex rel., Leamon WHITE, Relator,**

v.

**Honorable David SHINN, Respondent.**

**No. WD 50112.**

Missouri Court of Appeals, Western District.

June 6, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Martin D. Warhurst, Contract Public Defender, Kansas City, for relator.

Linda Koch, Asst. Pros. Atty., Jackson County, Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and ELLIS, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

ULRICH, Judge.

Mr. Leamon White was convicted of first degree murder, § 565.020, RSMo 1986, and sentenced to death. Mr. White appealed his conviction and denial of his postconviction Rule 29.15 motion in a consolidated appeal. *State v. White,* 813 S.W.2d 862 (Mo. banc 1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992). The Supreme Court remanded the Rule 29.15 matter to the motion court to make findings on the issue of postconviction counsel's abandonment. *Id.* at 867. Judge Shinn had presided over Mr. White's trial and had disqualified himself after Mr. White filed his Rule 29.15 postconviction motion after Mr. White filed his Rule 51.05 motion seeking an automatic change of judge. Another judge heard and ruled on the Rule 29.15 motion. After the Supreme Court remanded the Rule 29.15 matter back to the circuit court, the matter was ultimately reassigned to Judge Shinn.

Leamon White seeks a writ prohibiting Division 1, Sixteenth Judicial Circuit, the Honorable David Shinn, from presiding over his postconviction Rule 29.15 motion, claiming he lacks jurisdiction over his person. He contends that Judge Shinn had already granted his Motion to Disqualify in 1989, and to allow Judge Shinn to reassert jurisdiction would permit retroactive application of the *Thomas* decision. Thus, Mr. White argues that the Missouri Supreme Court's decision in *Thomas v. State,* 808 S.W.2d 364 (Mo. banc 1991), holding that a movant under Rule 29.15 is not entitled to the automatic disqualification provided by Rule 51.05, should not be applied retroactively.

The preliminary rule in prohibition was granted. The preliminary rule in prohibition is quashed and held for naught, and Mr. White's petition for writ of prohibition is denied.

## Procedural History

Explicit procedural history is helpful to understand the issue presented. On August 17, 1989, following conviction, Mr. White filed a *pro se* motion for postconviction relief pursuant to Rule 29.15. The motion was assigned to Division 1, Judge Shinn.

On September 25, 1989, Judge Shinn appointed the Public Defender's Office to represent Mr. White. Counsel for Mr. White appeared before the court on October 20, 1989, and requested an additional thirty days to file an amended motion. The court granted the request.

On October 29, 1989, appointed counsel filed a Motion for Change of Judge as a matter of right pursuant to Rule 51.05. The motion was granted on November 1, 1989, and the case was reassigned to Civil Docket 1, Division 4 of the Sixteenth Judicial Circuit, the Honorable Alvin Randall. Division 4 subsequently issued findings of fact and conclusions of law that were appealed by Mr. White to the Missouri Supreme Court. At the direction of the Missouri Supreme Court, the case was remanded to the Sixteenth Judicial Circuit, and Division 4, the Honorable Justine Del Muro, was assigned the matter, Judge Randall having retired.

Judge Del Muro disqualified herself, *sua sponte,* on the grounds that she was then sitting on a family court assignment. The case was reassigned by the presiding judge to Division 1, Judge Shinn.

On July 26, 1994, Mr. White filed a Motion to Disqualify Judge Shinn. On September 16, 1994, a hearing was held before Division 8, the Honorable Lee Wells, and the Motion for Disqualification was overruled on September 19, 1994. Mr. White then filed his

application for a writ of prohibition with this court.

## Respondent's Claim that Appeal Was Available and Writ Should Not Issue

Respondent asserts that a writ should not issue in this case because a direct appeal procedure was available to Mr. White under Rule 81.04(A) yet he chose to ignore it. He argues that a writ of prohibition should not be a substitute for direct appeal.

■ Prohibition lies only where the trial court lacks jurisdiction and there is not an adequate remedy by appeal. *State ex rel. Riederer v. Mason*, 810 S.W.2d 541, 543 (Mo. App.1991). A narrow exception to the usual requirements exists where irreparable harm may come to the litigant if prohibition is not made available. *State ex rel. Less v. O'Brien*, 814 S.W.2d 2 (Mo.App.1991).

■ Jurisdiction would be lacking, so that prohibition would be appropriate, if a judge failed to disqualify himself on proper application. *State ex rel. Burns v. Goeke*, 884 S.W.2d 60, 61 (Mo.App.1994). The issue is whether Division 1 has jurisdiction over Mr. White. Lack of jurisdiction may be raised at any stage of the proceedings. *In re Marriage of Mitchell*, 756 S.W.2d 949 (Mo. App.1988). While Mr. White did not choose to appeal the order issued by Judge Wells, and the appeal period has expired, the issue involves a jurisdictional question, and this court will review the merits of Mr. White's petition for writ of prohibition.

## Retroactive Application of *Thomas v. State*

In *Thomas v. State*, 808 S.W.2d 364 (Mo. banc 1991), the Missouri Supreme Court held that Rule 51.05, which permits a party in a civil action to seek one change of judge without cause, does not apply in postconviction proceedings. *Id.* at 367. The Court determined that the purposes of Rule 24.035 and Rule 29.15 to avoid delay in the processing of prisoners' claims and to prevent the litigation of stale claims would not be served if Rule 51.05 were applicable in those cases. *Id.* at 366. The Court reasoned that asking a new judge unfamiliar with the trial record to hear a postconviction motion would only foster unnecessary delay. Additionally, the Court found that in assessing the validity of the postconviction claims, the judge who tried the case is better equipped to evaluate defense counsel's performance within the context of the entire case and the strengths and possible weaknesses of the prosecution's case. *Id.* at 367. Finally, the Court noted that a holding that Rule 51.05 does not apply to postconviction hearings does not leave a movant without a remedy in the event he or she faces a prejudiced judge. *Id.* "Due process concerns permit any litigant to remove a biased judge." *Id.*

One year later, the Eastern District held in *Phelps v. State*, 827 S.W.2d 742 (Mo.App. 1992), that the *Thomas* decision holding that Rule 51.05 does not apply to grant an automatic change of judge in postconviction relief cases is retroactively applicable. In *Phelps*, a movant argued that the *Thomas* decision should not be followed where his motion for change of judge was filed long before that decision. *Id.* at 746. The Eastern District found that because the movant presented no case law for his position and that nothing in *Thomas* indicated that it would only apply to motions filed after it was handed down, the motion court did not err in failing to grant an automatic change of judge. *Id.*

■ In this case, Judge Shinn granted Mr. White's Rule 51.05 motion not because he was prejudiced but because he perceived the rule compelled his disqualification. No claim of prejudice by Judge Shinn was alleged, the rule not requiring it, and no evidence of prejudice was presented. *Thomas* teaches that Rule 51.05 is not applicable to Rule 29.15 postconviction motions, and had *Thomas* been reported when Mr. White's motion was ruled, Mr. White's motion would have been denied. Because Rule 51.05 motions are not applicable in postconviction motion proceedings, and because Judge Shinn was not alleged to be prejudiced against Mr. White and no prejudice by him was shown, Judge Shinn's reassignment to the case was not improper if *Thomas* is retroactive.

Like the appellant in *Phelps*, Mr. White presents no authority for his position that

*Thomas* should not be applied retroactively. Instead, he argues that to apply *Thomas* retroactively would do nothing to further the public policy concerns of the *Thomas* court since his case was tried in 1989 and any memory of the case by Judge Shinn would be over five years old. This argument is without merit, and the holding in *Phelps* applies. The holding in *Thomas* that Rule 51.05 does not apply to Rule 29.15 and 24.035 postconviction motions is retroactively applicable.

All concur.