**Thomas L. BAIRD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 49615.**

Missouri Court of Appeals,
Western District.

July 18, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1995.

Application to Transfer Denied
Oct. 24, 1995.

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

Movant Baird claims that he was entitled to an evidentiary hearing on his Rule 24.035

motion. The record before the motion court adequately supports the court's decision to deny Rule 24.035 relief without a hearing.

The guilty plea testimony reveals that the charges and convictions arose out the following facts. Movant broke into the home of Mrs. Jones on October 6, 1991, with the intent to steal. Mrs. Jones was 79 years old. He found Mrs. Jones in bed, pulled up her nightgown, pulled off her underwear, put a knife to her throat and attempted to have sexual intercourse with her. He placed his finger in her anus and fondled her breasts. He then used the knife to threaten Mrs. Jones not to pursue him or his associates, or to phone the police.

The court, on movant's motion, ordered a mental examination which was conducted at Mid–Missouri Mental Health Center. The examiner concluded that movant was not competent to proceed. The movant was diagnosed as suffering from a form of Organic Mental Syndrome with both memory and personality disturbances, probably related to his head injury in 1987, and a history of alcohol and substance abuse. The examiner recommended that he receive "inpatient hospitalization (in order to further evaluate the defendant and to initiate treatment)."

The court found the movant incapable of understanding the proceedings against him and of assisting in his defense and committed him to the Division of Mental Health at Fulton. The Division of Mental Health submitted its report within 180 days finding him competent to proceed and at the same time filed a motion to proceed.

Movant pleaded guilty to first degree burglary, attempted forcible rape, two counts of sexual abuse, first degree robbery, and three counts of armed criminal action. One count of armed criminal action was dismissed. The state also dismissed two other cases filed against the movant in 1991. The court found movant a prior offender and sentenced him to a total of 40 years imprisonment.[1]

1. The written court judgment recites the length of imprisonment as 40 years. The transcript of the sentencing is at odds with the written judgment. The transcript recites the sentences as follows: Burglary first degree, 20 years; sexual abuse first degree, 5 years each; armed criminal action, 10 years each; robbery first degree, 20 years, all concurrent, and attempted forcible rape, 30 years, consecutive to the other sentences. The written judgment totals 40 years

In his first point, movant alleges that his attorney was ineffective for failing to request another mental examination "to discover if [movant] was mentally competent to plead or stand trial," and whether movant "was suffering from a mental disease or defect at the time the crime was committed, and . . . could present a mental disease or defect defense at trial." In other words, movant complains that he missed the opportunity to have a mental evaluation that may have revealed him to be incompetent to proceed or provided him with a mental disease or defect defense.

There were two mental examinations, one conducted by Dr. Mandracchia at Mid–Missouri Mental Health Center and the other conducted by Dr. Holcomb at Fulton State Hospital. Additionally, movant alleged treatment for mental problems at other institutions, all of which he claims should have put his attorney on notice of movant's mental status.

■ An appellate court's review of the motion court is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(j). For the appellate court to determine that the findings and conclusions are clearly erroneous, it must be left with a definite and firm impression that a mistake has been made. *Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied,* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991).

■ First, concerning the movant's allegation that his mental condition at the time the crimes were committed excluded responsibility, we note that there is no report before the court that stated that movant had a mental disease or defect. In fact, the only report which raises the issue, written by Dr. Mandracchia, stated that movant's mental incapacity at the time of the examination "would not have rendered him incapable of knowing or appreciating the nature, quality, or wrongfulness of his alleged conduct or rendered him incapable of conforming his alleged conduct to the requirements of the law." Therefore, plea counsel had nothing to put him on notice that movant lacked responsibility for the crimes committed.[2]

■ The primary thrust of movant's argument concerns his fitness to proceed. In a criminal case, the issue of competency to proceed is a preliminary one and is exclusively for the trial court to determine. *State v. Wagner,* 587 S.W.2d 299, 301 (Mo.App.1979). The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial. *McDonald v. State,* 572 S.W.2d 633, 635 (Mo.App.1978).

■ We view the reasonableness of counsel's conduct from counsel's perspective at the time and eliminate hindsight from consideration. *Shields v. State,* 757 S.W.2d 247, 248 (Mo.App.1988). Absent perceived shortcomings in the mental evaluation report or any manifestation of mental disease or defect not identified by prior reports, the attorney representing the defendant in a criminal case is not compelled to seek further evaluation. *Gooden v. State,* 846 S.W.2d 214, 218 (Mo.App.1993).

Movant Baird was admitted to Fulton State Hospital and remained there until Dr. Holcomb's medical evaluation report of December 20, 1992. While at Fulton, movant received treatment for his mental condition. Dr. Holcomb's evaluation took into consideration the report by the Mid–Missouri Mental Health Center, the police report, and the medical staff examinations and nursing records concerning movant's behavior since he was admitted to Fulton State Hospital.[3] Dr.

---

and the oral judgment totals 50 years. Nothing in the record before this court explains the difference.

2. Additionally, movant never filed a written plea of mental disease or defect. The issue of mental responsibility should be considered only when presented as required under § 552.030.2, RSMo 1986, governing the raising of the defense of mental disease or defect. *Stroder v. State,* 522 S.W.2d 77, 81 (Mo.App.1975).

3. One of the serious problems that caused the examiner at Mid–Missouri Mental Health Center to find movant incompetent to proceed was his paranoia that his attorney was acting against his best interests and in collusion with the police and the prosecutor. Defense counsel visited the movant at Fulton in the presence of the examiner. As a result of the visit, movant expressed satisfaction with his attorney.

Holcomb interviewed Mr. Baird on two occasions on December 13 and December 20. The doctor found that Mr. Baird had a great deal of confidence in his attorney, that he was able to work with his attorney in planning his defense, that he understood the various roles of the participants in the trial process and would be able to cooperate in the proceedings, that he knew the charges against him and the range of penalties if found guilty, and that he could realistically perceive the likely outcome of the trial. Plea counsel was faced with an evaluation that considered the complete background of the movant and that had the advantage of an extended period of observation and the results of treatment.

In *Brooks v. State*, 882 S.W.2d 281 (Mo. App.1994), a case factually similar, there was a plea to the crimes charged, a denial of Brook's Rule 24.035 post-conviction motion without an evidentiary hearing on his competency to proceed, and a charge of ineffective assistance of counsel because counsel did not request another mental examination. Mr. Brooks complained, as does movant in this case, that he was entitled to a hearing on his post-conviction motion because the two mental reports were conflicting. *Id.* at 283. Brooks argued that he was at least entitled to an evidentiary hearing because one of the mental reports and other evidence supported a finding of incompetence. *Id.* The first report caused the court to commit Brooks to Fulton Mental Health Hospital. A subsequent mental report by the doctor at Fulton concluded that Brooks was competent to stand trial. *Id.* at 282. The trial court found him fit to proceed. On the day prior to trial, Brooks entered pleas of guilty to all five counts. The appellate court upheld the trial court's denial of the Rule 24.035 motion without a hearing.

In the case before us, the trial court found movant competent to stand trial by its findings and conclusions made at the end of the plea and before sentencing. Acceptance of movant's guilty plea is equivalent to a determination of his mental competence to proceed. *Mikel v. State*, 550 S.W.2d 863, 869–70 (Mo.App.1977). Additionally, the court made a separate order on the day of the plea finding the movant mentally competent to proceed. A trial court's determination of competence is a factual finding and some level of deference is owed such a finding. *Brooks*, 882 S.W.2d at 283. A post-conviction proceeding is not a forum to relitigate issues of fact which have already been properly determined. *Id.*

The movant does not allege that the trial court's determination was not supported by sufficient evidence. Instead, he bases his request for a hearing on the fact that there was conflicting evidence regarding his competence to proceed and that he lost his chance to discover whether he was competent.[4] "The mere existence of conflicting evidence regarding the defendant's competence [to stand trial] is not enough to require a post-conviction evidentiary hearing where the trial court already conducted such a hearing and made a determination of competence to proceed." *Id.* A competency hearing is not necessitated even in those circumstances when the court may feel that the defendant needs psychiatric help because this fact, standing alone, is not an expression of a bona fide doubt. *State v. Vansandts*, 540 S.W.2d 192, 202 (Mo.App.1976). The actual presence of some degree of mental illness or need for treatment does not equate with incompetency to stand trial. *Id.* The trial court followed the correct procedure as outlined in § 552.020, which is constitutionally adequate to protect a defendant's right not

4. Baird suggests in his Rule 24.035 motion that he is prepared to present mental health evidence from other institutions. The listing of other mental health institutions was not an allegation of ineffective assistance of counsel, but rather a listing of witnesses and evidence that movant claimed he would present at the hearing. Two of the institutions were those from which mental reports were received and another was the Missouri Department of Corrections. He also listed the county jail, Truman Medical Center, Ramsey Medical Center in St. Paul, Minnesota and Moose Lake Regional Treatment Center in Moose Lake, Minnesota. The amended motion does not allege that his attorney had knowledge of movant's treatment at these institutions or even whether there was any treatment or evaluations made. The amended motion does no more than state that he will present evidence from these institutions. The attorney is not charged with knowledge concerning treatment or evaluations at these institutions.

to be convicted while legally incompetent. *See Drope v. Missouri*, 420 U.S. 162, 173, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). Point denied.

 Movant next complains that his counsel was ineffective for not explaining movant's prior offender status. In order to successfully raise this claim, the movant must show that his mistaken belief was reasonable. *McFarland v. State*, 796 S.W.2d 674, 676–77 (Mo.App.1990). The record shows that movant was advised of the range of punishment on each count, that there were no promises, threats or agreements except for the dismissals previously mentioned, and that movant was a prior offender. The state then presented evidence of his previous burglary conviction. Next, the court inquired of movant whether he understood the proceedings and whether he was satisfied with his plea and his attorney. He answered in the affirmative.

 A Rule 24.035 claim of mistaken belief about a sentence is subject to a test of reasonableness. *McCall v. State*, 771 S.W.2d 357, 359 (Mo.App.1989). A mistaken belief is reasonable only when it is based on a positive representation upon which movant is entitled to rely. *McFarland*, 796 S.W.2d at 677. In both *McCall* and *McFarland*, the movants' allegations concerned the length of time they believed they would serve in prison.

The record here discloses that there was no positive representation concerning the length of time movant would serve, and that the terms of the plea were discussed in movant's presence. Movant's allegation that the plea did not include the prior offender status must fail because movant has not shown that his mistaken belief was reasonable. Point denied.

The trial court's order denying movant's Rule 24.035 motion without a hearing is affirmed. The case is remanded to the circuit court to determine if any discrepancy exists in its judgment and, if so, to correct its judgment.

LOWENSTEIN, J. concurs.

KENNEDY, P.J., dissents in separate dissenting opinion.

KENNEDY, Presiding Judge, dissenting.

It is regrettable that the movant here is not to be allowed so much as an evidentiary hearing on his Rule 24.035 motion.

The issue in this case is not whether movant was competent to stand trial when he entered his guilty plea; the issue is whether "the files and record of the case conclusively show that the movant is entitled to no relief." Rule 24.035(g). If not, he is entitled to an evidentiary hearing. Whether the files and record of the case "conclusively" show he is entitled to no relief depends ultimately upon whether they "conclusively" show his counsel was under no duty, in the fulfillment of his duties to his client, to ask for a second opinion about his client's mental condition.

The intent of the rule, as evidenced by its language, is to call for an evidentiary hearing on Rule 24.035 motions as a standard, with summary denial as the exception.

In this case, movant's counsel, after the report had been filed which declared movant mentally able to stand trial, had before him a report which diagnosed movant's condition as follows: memory impairment (unable to remember attorney's name; unable to remember incidents leading to his arrest); indication of paranoia with possible delusional thinking; Organic Mood Disorder, Depressed; alcohol dependence by history; polysubstance abuse by history; borderline intellectual functioning; personality disorder, not otherwise stated with borderline and antisocial traits; skull fracture (1987) with post traumatic headaches.

The report concludes, however, that; movant was mentally competent to stand trial.

The initial report, six months earlier, by a different doctor, had contained virtually the same clinical findings as the second, and had concluded the opposite, *i.e.*, that movant was not mentally competent to stand trial.

The majority opinion says movant's counsel was entitled to accept the conclusions of the second report uncritically and at face value—even though contradicted by the first—and was not obliged to seek another examination. If he had made the request for

a second examination, the court would have had no discretion to deny it. Section 552.020.10(2); *State v. Collier*, 624 S.W.2d 30, 33 (Mo.App.1991).

It might be, upon an evidentiary hearing, that trial counsel could explain why he relied upon the conclusions of the second examination. There were quite possibly facts known to trial counsel, and observations of trial counsel, not shown in the record, which made it reasonable for him to omit the request for a second examination. But that is far from saying the record conclusively shows it was reasonable for trial counsel not to request a second examination.

In addition to the reports on file in the record of the case, Baird alleges in his amended Rule 24.035 motion that he will present mental health evidence, upon an evidentiary hearing, if one is granted, from seven named institutions. A lawyer for an accused with Baird's history would surely have inquired about past treatment of mental problems. These would furnish yet stronger reasons for a lawyer in the performance of his duty to secure the second mental examination. Once again, counsel upon an evidentiary hearing may very well be able to deny, or to explain, his or her actions. Without an evidentiary hearing, though, we are dealing in speculation.

The case of *Brooks v. State*, 882 S.W.2d 281 (Mo.App.E.D.1994), does not support the majority opinion. It is a contrast to the present case. The defendant there had no history of mental illness such as the present movant had. There was nowhere in the record any diagnosis of mental incompetence, to alert defense counsel as to the distinct possibility of mental unfitness to proceed.

I am unable to see how it can be said that the record in this case conclusively shows defense counsel was acting reasonably in accepting the untested conclusions of the second report. If the decision on the Rule 24.035 motion had to be made on the record in the original case, without evidence, the decision should be to sustain the motion.