**Christopher PRUSINOWSKI, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67839.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1995.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.

PER CURIAM.

Movant plead guilty to the charge of assault first degree. On October 12, 1993, the court sentenced him to fifteen years imprisonment. This is an appeal from an order denying Rule 24.035 relief on the conviction without an evidentiary hearing.

Movant contends the plea was involuntary because the court "induced" the plea by a statement which "strongly suggested it would allow [movant] to withdraw his plea of guilty" if he did not grant probation. The claim is not supported by the facts.

At the plea hearing, the prosecuting attorney recited the plea agreement. He recommended fifteen years, "open on the issue of probation." The court ascertained from movant, under oath, that: (1) he understood the agreement; (2) the agreement was not "guaranteed"; (3) if the court rejected the plea it was obligated to allow movant to withdraw the plea; and, (4) there were no threats or promises other than the plea agreement to cause the guilty plea.

The court told movant the purpose of a pre-sentence investigation and advised him that an unfavorable recommendation was not a reason to withdraw the plea. Movant mistakenly believed the court would grant probation or allow withdrawal of the plea is rebutted by the further statement of the court: "[The pre-sentence report] may come back favorable to probation and I might dis-

agree with it.... In other words, you are stuck with you[r] plea here today once we complete it." Here, the court could have rejected the recommendation of probation and impose the agreed fifteen year sentence on a plea which movant was "stuck with."

The proceedings affirmatively refute any contention the statements of the court misled movant or his trial counsel. Thus, movant's claim of a mistaken belief fails. *See McCall v. State,* 771 S.W.2d 357, 359 (Mo.App.1989).

We affirm.