**12**

**Leslie BREWER, Defendant–Movant,**

v.

**STATE of Missouri, Plaintiff–
Respondent.**

No. 58958.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 30, 1991.

Mary K. Anderson, Columbia, for defendant-movant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Chief Judge.

Movant, Leslie Brewer, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant previously had entered an *Alford* plea of guilty to two counts of sodomy and had been sentenced to consecutive terms of imprisonment of 15 years on each count. We reverse and remand.

■ On appeal, the salient issue is whether the trial court should have held an evidentiary hearing to determine if movant's plea should be set aside. Under Rule 24.035, a hearing is not required "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief." Rule 24.035(g). Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). For movant to be entitled to an evidentiary hearing, the movant must allege facts, not conclusions, which, if true, would warrant relief, the allegations must not be refuted by the record, and the matters complained of must have resulted in prejudice to his defense. *Curtis v. State,* 759 S.W.2d 860, 862 (Mo.App.1988).

■ The transcript of the guilty plea reveals that movant was 60 years of age and had a fifth grade education. He had spent five minutes with one attorney from the public defender's office, twenty minutes with another, and thirty minutes with an investigator from that office. Movant entered an *Alford* plea to the charges against him. By entering an *Alford* plea, movant consented to the imposition of a prison sentence, although disclaiming guilt, because he concluded that his interests required a guilty plea and the record strongly evidenced guilt. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). In exchange for movant's plea of guilty, the prosecutor agreed not to pursue a possible third count of sodomy. There was no plea bargain, however, as to the sentences that movant was to receive. The trial court then sentenced

movant to maximum sentences on each of the two counts.[1]

Movant's Rule 24.035 motion alleges that on August 3, 1989, movant was admitted to South East Missouri Mental Health Center, (Health Center) where he was arrested for the charged offenses on August 16, 1989. His motion further alleged that he was not mentally competent at the time of his plea of guilty. In particular, the motion alleged that he was functionally illiterate and mentally retarded; that his appointed counsel had failed to request a determination of his mental competency before advising him to plead guilty to the charges against him; and that records from the Health Center would prove his mental incompetency to enter a plea of guilty.

After the denial of his postconviction motion without an evidentiary hearing, movant filed a motion to reconsider and attached documentation which supported the allegations contained in his motion. The records from the Health Center set forth historical information on movant, physical and mental test data, and the diagnoses from staff physicians. Historical information indicated that movant had admitted himself voluntarily to the Health Center because family members had accused him of molesting his four-year-old granddaughter. Although he denied these allegations, he stated that it was possible he was "doing things and forgetting about it." Family members reported that movant was frequently forgetful and aggressive. His hygiene was poor. He had not been employed at a full-time job for about 6 years. Diagnostic tests showed that movant was below average in intelligence, bordering on mental retardation, and that he was deficient in reading and writing skills. He was lacking in both memory and comprehension. A letter from a psychologist who had reviewed the evaluation from the Health Center recommended that movant be evaluated further because, in addition to the results of the above evaluation, tests were inconclusive about whether he suffered from Alzheimer's disease. The psychologist's opinion was that movant was unable to understand the guilty plea hearing.

The motion court denied movant's Rule 24.035 motion without an evidentiary hearing. The court found that "Movant's responses indicated [he] was alert, coherent, able to respond intelligently, and able to understand the plea proceeding and its significance, and [he] exhibited neither hesitation nor confusion at the plea hearing."

The record of the case reflects that during the hearing on his plea of guilty, movant was never asked whether he had been treated for mental illness, or whether he had been a patient in a mental institution, or whether he had received any psychiatric evaluation or treatment. Perhaps, if the trial court had conducted such an inquiry, the issue of movant's competency could have been resolved adequately at the time of his plea of guilty. Given movant's possible lack of mental capacity and competency, the fact that movant may have been cooperative and coherent in his responses to the questions posed by the trial court is not conclusive. The fact that movant expressed his belief that he had received effective assistance of counsel is equally inconclusive, in light of his possible mental state. The facts alleged by movant in his motion are not refuted by the record and indicate that movant was entitled to an evidentiary hearing.

If it were proven that movant, in fact, lacked the mental competency to understand the proceedings against him and that his counsel failed to investigate his mental competency before suggesting that he plead guilty, it is unlikely that his plea was

---

1. In *Alford,* the prosecutor reduced the charge against the defendant from murder in the first degree to murder in the second degree. *Alford,* 91 S.Ct. at 162. The defendant, in light of strong evidence of guilt, pleaded guilty to murder in the second degree in order to avoid the death penalty and to limit his sentence to the 30 year maximum for murder in the second degree. *Id.* at 162–163.

In the case before us, based upon the sentences imposed, it is difficult to envision how it can be concluded that movant's interests required an *Alford* plea. Even if the prosecutor had successfully prosecuted a third count of sodomy and movant had received a maximum sentence, it would seem to be academic given movant's age and the sentences he received on the other two counts.

made knowingly and intelligently. Given the facts of this particular case, the trial court's refusal to grant an evidentiary hearing on movant's motion was clearly erroneous.

The order of the trial court is reversed and the case is remanded for proceedings not inconsistent with this opinion.

SIMON and REINHARD, JJ., concur.