Alexander BROOKS, Appellant,

v.

STATE of Missouri, Respondent.

No. 64231.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 5, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 11, 1994.

Application to Transfer Denied
Sept. 20, 1994.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant, Alexander Brooks, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Defendant pled guilty to four counts of forcible rape in violation of § 566.030 RSMo 1986 and one count of felonious restraint in violation of § 565.120 RSMo 1986. We affirm.

After a jury trial in 1989, the defendant was found guilty of four counts of forcible rape and one count of felonious restraint. Those convictions were overturned on appeal because the State had presented inadmissible evidence of uncharged crimes. *See State v. Brooks*, 810 S.W.2d 627 (Mo.App.1991). The cause was remanded for a new trial. Upon remand, defense counsel raised the issue of defendant's mental competency to proceed to trial. During a hearing on the matter, Dr. Wells Hively testified that he had done some limited testing on the defendant and he believed further testing was necessary to determine if the defendant was competent to proceed. By order of the court, the defendant was committed to Fulton State Hospital for further psychiatric examination.

Dr. Michael Stacy examined the defendant at the hospital. Dr. Stacy concluded that the defendant was competent to proceed to trial. Dr. Stacy believed that the defendant was capable of understanding the charges against him and did, in fact, understand those charges. He also thought the defendant was capable of assisting in his own defense. In summary, Dr. Stacy concluded that the defendant did not suffer from any thought or mood disorder of psychotic proportion. According to Dr. Stacy, the defendant appeared to engage in a course of overmagnification and selective presentation of symptoms, behavior suggestive of malingering. Dr. Stacy filed these findings with the court on August 3, 1992.

Neither the State nor the defendant contested Dr. Stacy's conclusions. In accordance with § 552.020.7 RSMo 1986, the court found the defendant fit to proceed to trial on the basis of this report. Trial was set for December 14, 1992. On that day prior to commencing trial, the defendant once again raised the issue of mental competence. The trial court then held an impromptu hearing

on the defendant's competence. The court questioned both the State's attorney and the defendant's counsel on the procedural history of the defendant's claim of incompetence. The court reviewed the report submitted by Dr. Stacy and a letter from Dr. Hively. The court also questioned the defendant at length. The defendant displayed his familiarity with the trial process when discussing his previous trial with the court. The defendant even stated he was ready to go to trial just to be done with it. Based on these factors, the court found the defendant competent to proceed.

Since the defendant had complained about the State's failure to offer him a reasonable plea bargain, the court recessed to allow the defendant and his counsel to negotiate further with the assistant circuit attorney. After this recess, the defendant pled guilty to all five counts. The defendant was sentenced to four life sentences and one seven year sentence respectively; the sentences were to run concurrently.

## I

■ The defendant's first point on appeal is that the motion court erred in denying the defendant an evidentiary hearing on his allegation of mental incompetence. In his post-conviction motion the defendant alleged that his plea was involuntary because he was mentally incompetent. The trial or guilty plea conviction of a defendant who is legally incompetent violates due process. *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956). An accused is competent to stand trial or plead guilty if he can rationally consult with counsel and the court and he understands the proceedings against him. *State v. Hunter*, 840 S.W.2d 850, 863 (1992). The court denied the defendant's motion and found that defendant's claim of incompetence was conclusively refuted by the record.

■ Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Brewer v. State*, 823 S.W.2d 12, 12 (Mo.App. 1991). For defendant to be entitled to an evidentiary hearing, the defendant must allege facts, not conclusions, which if true would warrant relief, the allegations must not be refuted by the record, and the matters complained of must have resulted in prejudice to his defense. *Brewer* at 12. If the motion, files and record of the case conclusively show that the defendant is entitled to no relief, a hearing is not required. *Id.*

The defendant claims the evidence on the issue of his competence to proceed to trial conflicted and so the record is not conclusive. Therefore, the defendant argues, he is at least entitled to an evidentiary hearing. In particular, the defendant points out that Dr. Hively's opinion supports a finding of incompetence. The defendant also indicates that some of the defendant's odd statements in the record could, at least arguably, suggest incompetence to proceed. What the defendant's argument overlooks, however, is the fact that the trial court made a determination of competence after a hearing on the matter and after having an opportunity to review this evidence which the defendant cites.

■ A trial court's determination of competence is a factual finding and some level of deference is owed such a finding. *See Maggio v. Fulford*, 462 U.S. 111, 117, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983). The sole purpose of a post-conviction proceeding is to determine whether the proceedings that led to the defendant's conviction were violative of any constitutional requirements or if the judgment of conviction is otherwise void. *Wilson v. State*, 813 S.W.2d 833, 834 (Mo. banc 1991). A post-conviction proceeding is not the place to relitigate issues of fact that were already properly determined. An allegation of incompetence may be a cognizable issue in a post-conviction proceeding where the issue was not properly determined in the trial court. *See, e.g., Brewer v. State*, 823 S.W.2d 12 (Mo.App.1991); *Hemme v. State*, 680 S.W.2d 734 (Mo.App.1984). However, in this case, the court determined the defendant was competent to stand trial after receiving the conclusions of a psychiatric examination and after a hearing.

■ The defendant does not challenge the procedure by which the court determined that he was fit to proceed to trial. In fact, once the issue was raised, the court followed the procedure outlined in § 552.020. The

procedure outlined in § 552.020 is constitutionally adequate to protect a defendant's right not to be convicted while legally incompetent. *Drope v. Missouri*, 420 U.S. 162, 173, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). Nor does the defendant allege that the trial court's determination was not supported by sufficient evidence. Both Dr. Stacy's report and the court's examination of the defendant supported the finding of competence. Furthermore, the defendant does not argue that his condition deteriorated from the time of the court's determination until the time he entered his plea. The hearing on defendant's competence was held just prior to his guilty plea.

Essentially, the defendant wants a second hearing simply on the basis that there was some conflicting evidence at his original hearing. The mere existence of conflicting evidence regarding the defendant's competence is not enough to require a post-conviction evidentiary hearing where the trial court already conducted such a hearing and made a determination of competence to proceed. The trial court's determination that the defendant was competent to proceed to trial conclusively refutes the defendant's claim of incompetence. A finding of competence to proceed to trial is tantamount to a finding that one is competent to enter a plea of guilty. *Wilson*, 813 S.W.2d at 835. A second hearing was unnecessary, and the motion court did not err in rejecting the defendant's motion without an evidentiary hearing. Point denied.

## II

In his second point on appeal, the defendant contends that the motion court erred when it denied the defendant an evidentiary hearing on his allegation that the trial court failed to ascertain whether the defendant understood the charges against him. Again, our review is limited to determining whether the court's finding was clearly erroneous. The defendant is not entitled to a hearing if the record conclusively refutes his allegation.

Rule 24.02(b) requires a court to inform the defendant of, and determine that he understands, the nature of the charge to which he is pleading guilty. The defendant maintains that the court did not determine that the defendant understood the elements of the crimes to which he pled guilty. The court simply asked the defendant if his attorney had explained these matters to him. The defendant now alleges that his plea was involuntary because he did not understand the nature of these charges.

The defendant's claim that he did not understand the nature of the charges to which he pled guilty is refuted by the record. In answer to one of the court's questions, the defendant responded that his attorney did explain the elements of the crimes for which he was charged. Additionally, the defendant had already been through one full trial on these identical charges. His answers to the court's questions and his agreement with the facts of the charges which were recited by the prosecutor sufficiently demonstrated the defendant's understanding. Point denied.

## III

The defendant's third and fourth points on appeal relate to the defendant's purported allegation of coercion. The defendant claims that the motion court failed to address this allegation with findings of fact and conclusions of law. The defendant also argues that the court erred by denying the defendant an evidentiary hearing on this issue. We disagree because this allegation was never properly raised in the defendant's post-conviction motion.

The defendant filed a timely, pro se Rule 24.035 motion. The defendant's motion was a long, rambling, vague and somewhat incoherent document. Due to these defects, the court acknowledged difficulty in discerning the nature of the allegations or complaints purportedly contained within the motion. In its findings of fact and conclusions of law, the court interpreted the defendant's pro se motion to be an attack aimed at the sentence the defendant received. A careful reading of the defendant's motion supports this interpretation. However, on appeal, the defendant takes a portion of this document out of context and argues that it is an allegation

that trial counsel coerced the defendant into pleading guilty.

When an indigent defendant files a post-conviction motion, the court must appoint counsel to represent the defendant. Rule 24.035(e). Counsel then has time in which to file an amended motion. In the present case, counsel filed an amended motion, but the amended motion simply incorporated the defendant's earlier pro se motion without clarifying it. The amended motion then went on to state separate allegations of error.

Where counsel is appointed to an indigent defendant who has filed a pro se post-conviction motion, counsel should review the pro se motion to determine if it sufficiently sets forth facts supporting the grounds for relief. Rule 24.035(e). If the motion as filed is insufficient, counsel should file an amended motion which states in law-yerlike fashion the basis for all claims for post-conviction relief the defendant claims to have. *Pool v. State,* 634 S.W.2d 564, 566 (Mo.App.1982). This does not mean to amend a long, rambling, conclusory, accusatory, prolix motion by adding to it additional allegations stated in lawyerlike fashion. *Pool* at 566. It means to file an amended motion clarifying the pro se motion. *Id.*

The amended motion did not include any allegations of coercion, except those purportedly set forth in the defendant's incorporated pro se motion. These would appear to amount to nothing more than defendant's contention his lawyer advised him he could receive a longer sentence after a trial than that which was offered in the plea negotiations. Such an allegation, even if true, would not entitle defendant to relief. *Wade v. State,* 698 S.W.2d 621, 623 (Mo.App.1985) The defendant's third and fourth points are denied.

The denial of the defendant's Rule 24.035 motion is affirmed.

GRIMM, P.J., and AHRENS, J., concur.