

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| TINISHA J. WASHINGTON, | ) | No. ED107683 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Gloria C. Reno |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 31, 2020 |

## Introduction

Tinisha Washington ("Movant") appeals the motion court's judgment denying her Rule 24.035 motion[1] without an evidentiary hearing. Movant brings four claims on appeal. First, Movant claims her plea counsel ("Plea Counsel") was ineffective in allowing and advising Movant to enter an *Alford* plea without considering Movant's competence under Section 550.020 when Plea Counsel had reason to question Movant's mental condition.[2] Second, Movant claims Plea Counsel was ineffective in allowing and advising Movant to be sentenced because Movant was not competent to proceed during her sentencing. Third, Movant claims her sentences were improperly imposed because the sentencing court should not have sentenced Movant when she was not competent. Fourth, Movant claims Plea Counsel was ineffective for failing to

---

[1] All rule references are to Missouri Supreme Court Rules (2016), unless otherwise indicated.
[2] All statutory references are to RSMo (2016), unless otherwise indicated.

investigate and raise a not guilty by reason of insanity ("NGRI") defense under Section 552.030 before allowing Movant to enter a blind *Alford* plea. Movant requests we set aside the motion court's judgment, vacate the sentences, and remand to the circuit court for further proceedings. In the alternative, Movant asks us to remand to the motion court for an evidentiary hearing.

We vacate the sentences against Movant because there was reasonable cause for concern about Movant's competence at sentencing. We remand to the motion court to hold an evidentiary hearing on Movant's claims of ineffectiveness regarding Movant's competence at the plea hearing and the viability of an NGRI defense based on Plea Counsel's knowledge before the plea hearing. Movant alleged facts which, if true, would entitle her to relief based on these ineffectiveness claims. We find, although Movant was entitled to an evidentiary hearing on her second point relied on, this issue is moot because we have vacated Movant's sentences.[3]

<u>Factual and Procedural Background</u>

On February 25, 2014, Donna Washington[4] called law enforcement to have officers check Movant's welfare because Movant had not been taking her medication. When officers arrived, Movant was barricaded in her bedroom. The officers convinced Movant to open her bedroom door. When the officers entered the room, Movant stabbed an officer in the eye with a steak knife. The officers disarmed Movant and placed her under arrest for stabbing the officer. Movant attempted to resist the arrest. Movant was charged with and indicted by grand jury for

---

[3] "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then-existing controversy." *D.C.M. v. Pemiscot Cty. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019) (internal quotations omitted) (quoting *State ex rel. Gardner v. Boyer*, 561 S.W.3d 389, 394 (Mo. banc 2018)). In Point II, Movant requests this court vacate the sentences against her. Based on our analysis and disposition of Point III, we have vacated Movant's sentences with instruction for an evaluation under Section 552.020 before any resentencing. Therefore, the relief requested in Point II would have no practical effect and is denied as moot.

[4] It is unclear from the record whether Donna Washington is Movant's biological mother. However, two Department of Mental Health ("DMH") examiners found Movant's insistence Donna Washington was not her biological mother and insistence Movant did not have a family to be symptoms of psychosis.

2

the class A felony of first degree assault of a law enforcement officer, the unclassified felony of first degree armed criminal action, and the class D felony of resisting arrest.

On April 10, 2014, Movant's counsel moved for a psychiatric evaluation under Sections 552.020 and 552.030 for "fitness to stand trial and state of mind at occurrence of event[.]" On April 24, 2014, the circuit court ordered Movant be examined under both Sections 552.020 and 552.030 to determine whether, because of a mental disease or defect, Movant: (1) "lack[ed] capacity to understand the proceeding against []her or to assist in []her defense" or (2) "at the time of the alleged criminal conduct,…was incapable of knowing and appreciating the nature, quality[,] or wrongfulness of []her conduct."

*Dr. Graham's Examination*

On June 6, 2014, Movant was examined by Dr. Bridget Graham, a licensed psychologist and certified forensic examiner employed by the Department of Mental Health ("DMH") Division of Behavioral Health. Dr. Graham completed a report for the circuit court on August 15, 2014.[5] In the report, Dr. Graham outlined numerous psychotic episodes from Movant's medical records. Dr. Graham found Movant exhibited symptoms of a psychotic illness beginning in approximately 2007. According to Dr. Graham's review of the records surrounding the charged offenses, Movant required anti-psychotic medication. Movant was refusing medication. Movant believed the medication was "clouding" her thoughts. After her arrest, Movant was moved from the infirmary into administrative segregation due to her continued refusal to take medications and subsequent concerns about her ability to function in the general population. Dr. Graham was concerned with Movant's refusal to take medication.

---

[5] Dr. Graham's August 15, 2014 report contained an explanation of Movant's history and the results of Dr. Graham's examination.

Based on the examination and the records, Dr. Graham stated Movant lacked the capacity to understand the charges or proceedings against her and assist in her defense. Dr. Graham stated Movant refused to take her medication and demonstrated active symptoms of thought disorder. Dr. Graham also found Movant interacted in a paranoid and guarded manner and verbalized delusions, including the capgras delusion[6] regarding her parents. Dr. Graham did not believe Movant was capable of appropriate courtroom behavior or assisting her attorney in planning or executing a realistic defense strategy. Dr. Graham found Movant did not understand her plea options, the adversarial nature of the court proceedings, the evidence against her, or the potential outcomes of her case. Dr. Graham believed Movant's thought disorder was preventing her from thinking abstractly about her defense.

Dr. Graham found Movant required psychiatric hospitalization while the circuit court considered her competence to stand trial, in part, because she was refusing to take prescribed medication. Dr. Graham also found, if the circuit court found Movant not competent, Movant would need to be committed to DMH for inpatient treatment to restore her mental fitness to proceed. Dr. Graham made no findings under Section 552.030 on Movant's ability to know or appreciate the nature, quality, or wrongfulness of her conduct for the charged offenses.

On August 20, 2014, the circuit court received Dr. Graham's examination report. On September 25, 2014,[7] the circuit court found Movant was not fit to proceed based on Dr. Graham's report and committed Movant to DMH. Movant was admitted to Fulton State Hospital on November 20, 2014.

---

[6] "Capgras syndrome is a delusional disorder characterized by the belief that a familiar person has been replaced by a visually similar imposter or replica." Brandon Lilly et al., *"Capgras" Delusions Involving Belongings, Not People, and Evolving Visual Hallucinations Associated with Occipital Lobe Seizures: Introduction*, CASE REP PSYCHIATRY (Mar. 7, 2018), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5863322/.

[7] On September 15, 2014, Movant requested an examination from a psychiatrist of her own choice. The circuit court did not respond to this request.

*Dr. Telander's Examination*[8]

On March 26 and 31, 2015, Dr. Randy Telander, a certified forensic examiner at Fulton State Hospital, examined Movant. Dr. Telander reviewed Dr. Graham's report, circuit court records, police records, and records from the Fulton State Hospital since Dr. Graham's evaluation. Dr. Telander described Movant's mental health and discussed Movant's diagnoses and progress. Dr. Telander agreed with Dr. Graham that Movant suffered from schizophrenia.

Dr. Telander found Movant was not cooperative when she arrived at Fulton State Hospital on November 10, 2014. Dr. Telander noted Movant exhibited symptoms of psychosis when she claimed she did not have a family, reported no history of psychiatric problems, and claimed she had a different name. When she arrived, Movant was also guarded, disorganized, and hallucinating. While committed at the hospital, Movant was psychotic and exhibited aggressive, irritable, and argumentative behavior. Movant refused to take the prescribed antipsychotic medication when she arrived at Fulton State Hospital.

On December 4, 2014, DMH began involuntarily medicating Movant because of her history of psychosis, her history of violence, and the unlikelihood her symptoms would remit without medication. After forced medication, Movant's symptoms decreased. In March 2015, Movant asked for an increased dosage of medication. At the time of Dr. Telander's examinations, Movant said she was taking her medications and staying on them. Although Movant's symptoms decreased after medication, Movant still had intermittent hallucinations and psychotic episodes.

Dr. Telander found Movant no longer needed to be held by DMH. Based on the benefits of the medication and classes, Dr. Telander found she understood the proceedings against her

---

[8] Dr. Telander was not requested to make any findings under Section 552.030 about Movant's mental condition at the time of the alleged incident.

and was able to assist in her own defense. Dr. Telander made no findings under Section 552.030 on Movant's ability to know or appreciate the nature, quality, or wrongfulness of her conduct for the charged offenses. Dr. Telander noted Movant gained insight into her illness. Movant told Dr. Telander she would continue to take her prescribed medication while in jail. Dr. Telander found Movant was "fully aware that doing so is imperative to maintaining her mental health." (emphasis added). Dr. Telander recommended Movant be found competent to proceed.

On April 17, 2015, the circuit court received Dr. Telander's report, filed with a motion from DMH suggesting Movant no longer required inpatient hospitalization and recommending she be returned to the custody of the St. Louis County Justice Center until resolution of the charged offenses. On May 11, 2015, the circuit court granted the DMH motion ordering Movant was fit to proceed based on its review of Dr. Graham's and Dr. Telander's reports. The circuit court discharged Movant from DMH and ordered her to be returned to the St. Louis County Justice Center.

### Plea Hearing and Sentencing[9]

Plea Counsel first appeared for Movant after she was returned to the St. Louis County Justice Center. Movant was incarcerated until her plea hearing on July 21, 2016. At the plea hearing, the plea court accepted Movant's blind *Alford* plea.[10]

Sentencing took place on September 12, 2016. The injured officer and the officer's wife both provided out-of-court statements to the sentencing court. Plea Counsel asked the sentencing court, because Movant had no prior felony convictions, to sentence her to three years for the

---

[9] To the extent relevant, we discuss testimony from the plea hearing and sentencing in the "Discussion" section of this opinion.

[10] Under *North Carolina v. Alford*, 400 U.S. 25, 38–39, 91 S. Ct. 160 (1970), a defendant may enter a plea of guilty, even though the defendant protests actual guilt of the crime charged. *Nguyen v. State*, 184 S.W.3d 149, 152 (Mo. App. W.D. 2006). By entering an *Alford* plea, an accused voluntarily and knowingly consents to the imposition of a criminal penalty despite an unwillingness to admit wrong-doing for the charged offenses. *Alford*, 400 U.S. at 37.

6

armed criminal action charge and suspend execution of sentence on the assault and resisting arrest charges. The State recommended a ten year sentence at the plea hearing but made no recommendation at the sentencing hearing. The sentencing court sentenced Movant to ten years on the assault charge, three years for the armed criminal action charge, and four years for the resisting arrest charge. These sentences were ordered to run concurrently with each other. Movant was delivered to Missouri Department of Corrections ("DOC") on September 14, 2016.

*Rule 24.035 Proceedings*

On March 7, 2016, Movant timely filed a *pro se* Rule 24.035 motion. On July 10, 2017, Movant's post-conviction counsel timely filed an amended Rule 24.035 motion ("Amended Motion") requesting an evidentiary hearing.

In the Amended Motion, Movant alleged seven errors between the circuit court and Plea Counsel. Four of these errors are raised on appeal. In paragraph 8(a)(2), Movant alleged her sentences were improperly imposed because the sentencing court should not have sentenced Movant when she was not competent. In paragraph 8(b)(1), Movant alleged Plea Counsel was ineffective in allowing and advising Movant to enter an *Alford* plea when Movant was not competent during her pleas. Movant claimed she was unable to make a voluntary, knowing, and intelligent waiver of her right to proceed to trial, unable to understand the consequences of her pleas, and unable to assist counsel. In paragraph 8(b)(2), Movant alleged Plea Counsel was ineffective in allowing and advising Movant to be sentenced because Movant was not competent to proceed during her sentencing. And in paragraph 8(b)(3), Movant alleged Plea Counsel was ineffective in failing to investigate and raise an NGRI defense because she was "not responsible" for the crimes charged due to her mental disease or defect during the offense under Section 552.030.

Movant claimed these allegations are supported by the court file and transcripts. Movant claimed: the circuit court granted Movant's request for an evaluation under Sections 552.020 and 552.030; Dr. Graham filed a report stating Movant was not competent to proceed to trial in August 2014; in March 2015, Dr. Telander found Movant competent to proceed to trial; and the circuit court found Movant competent based on the DMH reports. Movant also claimed Dr. Graham's report suggested Movant's failure to take medication contributed to her lack of competency and Movant suffered from the capgras delusion that her parents were not her parents. Movant claimed Dr. Telander's report suggested Movant was competent only after being forcibly medicated.

Movant also claimed her testimony and testimony from her original trial counsel, Plea Counsel, Donna Washington, Dr. Graham, and Dr. Telander would support her claims. Movant claimed her original trial counsel would testify Movant suffered from a mental disease or defect at the beginning of Movant's proceedings. Movant claimed Plea Counsel would testify she knew Movant suffered from a mental disease or defect and Movant stopped taking her medication after she was transferred back to St. Louis County Justice Services in May of 2015. Movant claimed Donna Washington would also testify Movant was not taking her medication leading up to the plea hearing and sentencing.

Movant alleged Dr. Graham, or a "similar certified forensic examiner[,]" would testify:

- Movant would continue to suffer from schizophrenia throughout the duration of her life and would therefore still have the disorder in 2017 at the time of her pleas and sentencing.
- [M]edication is necessary to assist and control Movant[']s disorder.
- [I]t would be a reasonable opinion that if Movant was not taking her medication and was answering inappropriately at the time of the pleas and sentencing that she was suffering from a mental disease or defect such that would render her not competent to proceed within Missouri law.

8

- [E]ven though Movant had been found competent to proceed that her answers and the plea and sentencing reflect that she had decompensated in the 14 month lapse.
- [T]he lack of medication for Movant would impact her mental health significantly.
- [A]s part of her evaluation she determined that Movant suffered from the 'capgras delusion that her parents are not really her parents.'
- [Movant's responses and statements] at the time of the plea/sentencing [were] an indication that Movant was still suffering delusions at that time.
- [I]t is [Dr. Graham's] opinion that Movant did suffer from a Mental Disease or Defect at the time of the offenses charged sufficient to render her not legally responsible.

Movant alleged Dr. Telander, or a "similar certified forensic examiner[,]" would testify:

- [W]hen Movant was not taking her medication she appeared irritable, argumentative, psychotic and threatening to the staff.
- [T]he Department of Mental Health determined that they would employ a regime of forced medication upon Movant as there was an unlikelihood that her symptoms would remit without treatment.
- After DMH forced medication, Movant eventually improved and was able to comply with directives regarding medication.
- Movant requested an increase in her medication on March 23, 2017 and that she was still taking medication during [the] interview on or about March 31, 2017.
- [I]t is [Dr. Telander's] opinion that had Movant stopped taking her medication that she would have regressed and again become not competent to proceed.
- Movant's answers and responses at the time of the plea and sentencing reflect that she was continuing to suffer from a mental disease or defect.
- [H]e was never asked to evaluate Movant for mental disease or defect at the time of the offense.

Movant claimed this testimonial evidence was necessary for the motion court to make a fully informed decision regarding Plea Counsel's effectiveness, Movant's fitness to proceed, and the jurisdiction of the court.

On November 5, 2018, the motion court denied the Amended Motion without an evidentiary hearing. The motion court found the plea court inquired about Movant's mental health at the time of the plea and Movant affirmed she was "clearheaded" and knew what she was doing. The motion court made no findings of fact regarding Movant's competence at sentencing.

9

The motion court found Movant was competent to proceed at the plea hearing and at sentencing. The motion court claimed, in the Amended Motion, Movant only alleged "she may have suffered some mental illness." The motion court also found Plea Counsel was not ineffective based on the claims in the Amended Motion. The motion court found Movant failed to show prejudice because a movant must demonstrate a reasonable probability she lacked mental competency sufficient to undermine confidence in the outcome. The motion court found the record reflected Movant was found competent to proceed by the circuit court. The motion court referred to Movant's statement she was "clearheaded" at the time of the plea and knew what she was doing.

The motion court also found Movant failed to show Plea Counsel was ineffective for failure to investigate an NGRI defense. The motion court denied Movant's claim because Movant "similarly failed to produce evidence as to what a further mental examination would produce."

The motion court denied all claims in the Amended Motion.

This appeal followed.

Discussion

For ease of our discussion, we address Movant's points on appeal in chronological order. In Section I.A, we discuss Plea Counsel's failure to address Movant's competence at the plea hearing. In Section I.B, we discuss Plea Counsel's failure to consider the NGRI defense. In Section II.A, we discuss the sentencing court's failure to *sua sponte* order an evaluation of Movant under Section 552.020 at sentencing. In Section II.B, we address Movant's claim Plea Counsel failed to address Movant's competence at sentencing.

10

Appellate review of a motion court's denial of a 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." *Nguyen v. State*, 184 S.W.3d 149, 151 (Mo. App. W.D. 2006) (citing Rule 24.035(k)). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id*. (citing *Black v. State*, 151 S.W.3d 49, 54 (Mo. banc 2004)). We presume the motion court's findings and conclusions are correct. *Id*. at 151-52 (citing *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)).

"If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). "To warrant an evidentiary hearing: (1) the motion must plead facts, not conclusions, which, if true, would merit relief; (2) the facts alleged must raise matters not refuted by the record; and (3) the matters must have resulted in prejudice to the movant." *Thomas v. State*, 249 S.W.3d 234, 238 (Mo. App. E.D. 2008) (citing *Walker v. State*, 232 S.W.3d 586, 588 (Mo. App. E.D. 2007)). The purpose of an evidentiary hearing is not to provide movant with an opportunity to produce facts not alleged in the motion but to provide the motion court with an opportunity to determine if the facts alleged in the motion are true. *White v. State*, 939 S.W.2d 887, 904 (Mo. banc 1997).

*I. Competence at the Plea Hearing (Point I and IV)*

At the plea hearing, Movant told the court she was diagnosed with schizophrenia and was no longer taking her medication. The following colloquy occurred at the plea hearing:

> Court: "So you're clearheaded; you didn't take anything today for it?"
> Movant: "Right."
> Court: "Okay. You're clearheaded, and you know what you're doing?"
> Movant: "Yes."

11

The State outlined the charges and factual basis for first degree assault of a law enforcement officer, first degree armed criminal action, and resisting arrest. Movant admitted she could not overcome this evidence at trial. The State then outlined the ranges of punishment for the charged offenses, which included the possibility of a ten to thirty year sentence or life imprisonment in DOC. The plea court asked if Movant understood there was a possibility she would serve additional time. Movant did not respond to the plea court's question but, instead, told the plea court she did not feel responsible for the officer's injury.

The plea court asked Movant if her mother called the police because Movant had not been taking her medication and would not listen to her mother. Movant then told the plea court Donna Washington was not her mother. Movant said Donna Washington initially called police because Movant claimed Donna Washington was not Movant's mother. Movant also told the plea court she had been off of her medication for two months at the time of the charged incident.

Movant told the plea court she did not feel Plea Counsel fully investigated the case or talked to Movant about the case. Movant said she had not discussed her case with anyone. Movant explained Plea Counsel talked to her ten minutes before the plea hearing. Movant was told Plea Counsel was going to "go back and talk to" the judge about the case. Movant then said she did not need more time to discuss the case with Plea Counsel. Movant said she told Plea Counsel everything that happened on the day of the charge incident. Movant said she was satisfied with both her discussion with Plea Counsel and Plea Counsel's representation of her.

## A. Ineffective Assistance for Failure to Consider Competence at Plea Hearing (Point I)

Movant claims the motion court erred by denying her claim Plea Counsel was ineffective for allowing Movant to enter a guilty plea without investigating Movant's competence at the time of her *Alford* plea. Movant claimed Dr. Graham's and Dr. Telander's reports and Movant's

12

testimony at the plea hearing should have caused Plea Counsel to consider Movant's competence. Movant also claimed it was reasonably probable the plea court would have found she was not competent to enter a plea had Plea Counsel considered and raised this issue. The motion court denied a request by Movant for an evidentiary hearing on all claims.

We find Movant pled facts not refuted by the record which, if true, would warrant relief for ineffective assistance of Plea Counsel. Therefore, we reverse the motion court's judgment to the extent it denied Paragraph 8(b)(1) of the Amended Motion and remand to the motion court for an evidentiary hearing on Movant's claim.

"Due process requires that a person who wishes to plead guilty must be competent to do so and must enter the plea knowingly and voluntarily." *State v. Shafer*, 969 S.W.2d 719, 731 (Mo. banc 1998). A person shall not be tried, convicted, or sentenced for the commission of an offense if, because of mental disease or defect, that person lacks the capacity to understand the proceedings related to the offense or assist counsel in defense of the charged crimes, if the incapacity endures. Section 552.020.1. A competent defendant must have a sufficient, present ability to consult with counsel and must understand the proceedings, rationally and factually. *State v. McCurry-Bey*, 298 S.W.3d 898, 901 (Mo. App. E.D. 2009) (citing Section 552.020.3). "The standard for determining a defendant's competence to plead guilty is essentially the same as that for determining if a defendant is competent to proceed to trial." *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992). A defendant is presumed competent and bears the burden of showing a lack of competence. *McCurry-Bey*, 298 S.W.3d at 901 (citing Section 552.020.8).

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must satisfy the two-prong *Strickland* test. *See Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). First, the movant must show

13

counsel failed to exercise the level of skill and diligence a reasonably competent counsel would have exercised in a similar situation. *Id*. Counsel's conduct is presumed to be reasonable and effective under the first prong. *Id*. at 176. Second, the movant must show trial counsel's failure prejudiced the defendant. *Id*. at 175. A movant must show both prongs by a preponderance of the evidence. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

To satisfy the first *Strickland* prong when a movant claims counsel should not have allowed the movant to enter a guilty plea without investigating the movant's mental condition, the movant must show "a factual basis indicating a questionable mental condition that should have caused [the] attorney to initiate an independent investigation of [the movant's] mental state." *Williams v. State*, 111 S.W.3d 556, 560 (Mo. App. W.D. 2003) (internal citations omitted) (quoting *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997)). To satisfy the second *Strickland* prong when a movant claims counsel should not have allowed the movant to enter a guilty plea without investigating the movant's mental condition, the movant must show a reasonable probability she was not competent at the time in question. *Hubbard v. State*, 31 S.W.3d 25, 38 (Mo. App. W.D. 2000) (internal citations omitted) (quoting *Strickland*, 466 U.S. at 694).

*Questionable Mental Condition*

To meet the first *Strickland* prong, Movant had to show a factual basis indicating a questionable mental condition, which should have caused Plea Counsel to consider Movant's mental condition and ability to proceed before allowing Movant to enter a guilty plea. *Williams*, 111 S.W.3d at 560 (internal citations omitted) (quoting *Carter*, 955 S.W.2d at 555). The record and Movant's alleged testimony reflect: Movant was diagnosed with schizophrenia, a qualifying mental disease or defect under Section 552.010; Movant was not taking her medication at the

14

time of the plea; Movant was originally found not competent, in part, due to failure to take medications; Movant was found competent after being forced to take medications; at the time Movant was found competent, she understood the importance of taking her medication; and Movant's testimony at the plea hearing indicated the specific psychosis or delusion mentioned in both DMH reports. In the Amended Motion, Movant alleged Plea Counsel and Donna Washington would testify Movant was refusing to take her medication and was decompensating while she was incarcerated at the St. Louis County Justice Center before her plea hearing.

Movant claims Plea Counsel was or should have been aware of these facts. The record does not reflect Plea Counsel considered Movant's mental competence to enter a plea at the time of the plea hearing. When counsel is representing an accused diagnosed with a mental disease or defect *and* multiple examination reports agree medication impacts the accused's competence *and* the accused is not on medication at the time of the plea *and* the accused exhibits the same delusions and psychoses as appear in the examination reports, there is a factual basis indicating a questionable mental condition which makes Plea Counsel ineffective under the first *Strickland* prong for allowing Movant to enter a guilty plea without investigating Movant's mental condition. Therefore, we find Movant has pled facts which, if true, would satisfy her burden under the first *Strickland* prong for this claim.

*Reasonable Probability of Lack of Competence*

To meet the second *Strickland* prong, Movant must show a reasonable probability she was not competent to enter an *Alford* plea at the plea hearing. *Hubbard*, 31 S.W.3d at 38 (internal citations omitted) (quoting *Strickland*, 466 U.S. at 694). A competent defendant must have a sufficient, present ability to consult with counsel and must understand the proceedings, both rationally and factually. *McCurry-Bey*, 298 S.W.3d at 901 (citing Section 552.020.3).

15

Movant had to prove, had Plea Counsel considered or questioned her competence, Movant would not have been found competent to enter an *Alford* plea at the plea hearing. We find Movant has pled facts which, if true, would show a reasonable probability she was not competent at the plea hearing.

Movant claimed her circumstances changed from the time Dr. Telander examined her, wrote a report, and the circuit court ruled her competent to proceed. The circuit court used Dr. Telander's report to find Movant competent to proceed in May 2015. As evidence for the change in circumstances from the time of the competency finding to the time of the plea hearing, Movant referenced a recurring psychotic episode during the plea hearing where she claimed Donna Washington was not her mother.

In the Amended Motion, Movant claimed Dr. Graham's testimony would support her claim she was not competent at the plea hearing. Movant alleged Dr. Graham would testify Movant still suffered from schizophrenia at the time of the plea hearing. Movant also alleged Dr. Graham would testify medication is necessary to assist and control Movant's disorder. Movant alleged it would be Dr. Graham's opinion that, if Movant was not taking medication and was answering inappropriately at the time of the pleas, then she was not competent because of her disorder. This alleged testimony is not refuted by the record.

In the Amended Motion, Movant claimed Dr. Telander's testimony would also support her claim she was not competent at the plea hearing. Movant alleged Dr. Telander would testify Movant was irritable, argumentative, psychotic, and threatening when she was not taking her medication. Movant alleged Dr. Telander would testify DMH believed forced medication was necessary because it was unlikely her symptoms would remit without medication. Movant alleged it would be Dr. Telander's opinion if Movant stopped taking her medication, she would

16

have regressed and again become not competent to proceed.  Movant alleged Dr. Telander would testify Movant's answers at the plea hearing suggested she had regressed and was suffering from schizophrenia making her not competent.  This alleged testimony is not refuted by the record.

Both Dr. Graham's and Dr. Telander's reports suggest Movant's mental health was reliant on her medication.  Absent evidence Movant could be competent when off her medication, we have a definite and firm impression Movant was entitled to an evidentiary hearing in this case.  Therefore, the motion court clearly erred by denying Movant's claim in Paragraph 8(b)(1) of the Amended Motion without an evidentiary hearing.

The State cites *Elam*, *Baird*, and *Brooks* to show Movant was not entitled to relief or an evidentiary hearing in this case.  In *Elam*, two DMH psychologists examined Elam and found him competent to stand trial, despite a diagnosis of schizoaffective disorder, bipolar type. *State v. Elam*, 89 S.W.3d 517, 522 (Mo. App. W.D. 2002).  In *Elam*, one of the DMH psychologist reports suggested Elam was competent and should continue his medication. *Id*.  Elam claimed he was found competent based on the assumption he would continue to take his medication. *Id*.  In the report, however, medication was not mentioned regarding the competency finding. *Id*.  The trial court held a hearing in *Elam* to determine competence at the time of the trial. *Id*.  The trial court based its finding of competence heavily on its observations at the hearing. *Id*. at 521.

Here, the circuit court found Movant competent without holding a competency hearing, basing its decision solely on the DMH motion and Graham's and Telander's reports. Had the circuit court held a competence hearing when it initially found Movant competent, the ruling of *Elam* would be more persuasive.  However, unlike the psychologist's report in *Elam* referring to medication only once with no connection to competence, both psychologists' reports here repeatedly consider the effect of medication or failure to medicate on Movant's competence.  Dr.

17

Graham referred to Movant's refusal to take medicine in her report immediately before finding Movant was not competent to proceed. Dr. Graham expressed concern about Movant's history of refusing medication. Dr. Graham also noted Movant had continued to refuse medication while in custody. Dr. Graham found Movant required hospitalization due to this failure to take medication. Dr. Telander noted Movant's symptoms decreased once she had been forcibly medicated. At the time of Dr. Telander's examination, Movant was taking her medication and intended to continue to take the medication. Dr. Telander found Movant's mental health "significantly benefitted from…psychotropic medication [and] classes to assist her in understanding the legal system."

These reports do not outright state Movant's competence relies on her taking medication, but unlike in *Elam*, all of the psychologists' reports available to Plea Counsel suggest medication is integral to her competence based on a diagnosis of schizophrenia. That was not the case in *Elam*.

In *Brooks*, the trial court also held a competency hearing. *Brooks v. State*, 882 S.W.2d 281, 283 (Mo. App. E.D. 1994). Because such a hearing was held, the *Brooks* motion court deferred to the trial court's determination of competence. *Id*. "A post-conviction proceeding is not the place to re-litigate issues of fact that were already properly determined." *Id*. However, in Movant's case, no competency hearing was held by the circuit court. The circuit court made its finding based solely on the recommendations in Dr. Graham's and Dr. Telander's reports. There were approximately fourteen months between the circuit court's finding and the plea hearing.

In *Baird*, there was no report before the court Baird suffered from a mental disease or defect. *Baird v. State*, 906 S.W.2d 746, 749 (Mo. App. W.D. 1995). Absent perceived shortcomings in the mental evaluation report or any manifestation of mental disease or defect not

18

identified by prior reports, the attorney representing the defendant in a criminal case is not compelled to seek further evaluation. *Id.* (citing *Gooden v. State*, 846 S.W.2d 214, 218 (Mo. App. S.D. 1993)). Unlike in *Baird*, here, two psychologists' reports agree Movant is schizophrenic. Both reports also indicated concern about the significance of medication on Movant's competence.

As stated in *Baird*, a "perceived shortcoming" in the reports can compel an attorney to seek further evaluation. *See id*. Because the plea court acknowledged Movant was not on medication, Dr. Graham's and Dr. Telander's reports indicate medication is imperative to Movant's competence, and Movant exhibited symptoms consistent with her previous psychosis in open court in front of Plea Counsel, we find the DMH reports support Movant's request for an evidentiary hearing on whether she would have been found competent after being off medication for over a year. Unlike the three cases cited by the State, Movant did not have the chance to present the testimony alleged in her Rule 24.035 motion at a hearing.

The record does not refute the claims alleged by Movant. Movant has pled facts which, if true, show she was not competent at the plea hearing. The motion court's finding Movant was competent at the plea hearing is clearly erroneous without conducting an evidentiary hearing. We remand for an evidentiary hearing to give Movant the opportunity to prove the facts alleged in the Amended Motion to show it was reasonably probable Movant was not competent to enter an *Alford* plea when she appeared before the plea court. *See Thomas*, 249 S.W.3d at 238 (internal citations omitted).

Movant's first point on appeal is granted, in part, for an evidentiary hearing.

19

**B. Ineffective Assistance for Failure to Investigate or Raise NGRI (Point IV)**

In her fourth point on appeal, Movant claims Plea Counsel was ineffective for failing to investigate and raise an NGRI defense before allowing Movant to enter a blind *Alford* plea. Movant claims, had Plea Counsel investigated and raised an NGRI defense, she would not have entered a blind *Alford* plea and would have gone to trial.

To be entitled to post-conviction relief for ineffective assistance of counsel, a movant must satisfy the two-prong *Strickland* test. *See Zink*, 278 S.W.3d at 175 (Mo. banc 2009) (citing *Strickland*, 466 U.S. at 687). First, the movant must show counsel failed to exercise the level of skill and diligence a reasonably competent counsel would have exercised in a similar situation. *Id*. Counsel's conduct is presumed to be reasonable and effective under the first prong. *Id*. at 176. Second, the movant must show trial counsel's failure prejudiced the defendant. *Id*. at 175. A movant must show both prongs by a preponderance of the evidence. *Anderson*, 196 S.W.3d at 33.

"To succeed on an ineffective assistance of counsel claim based on inadequate investigation, movant must specifically describe the information the attorney failed to discover, allege that a reasonable investigation would have resulted in the discovery of such information[,] and prove that the information would have aided or improved movant's position." *Hendrix*, 473 S.W.3d at 148 (citing *Smith v. State*, 413 S.W.3d 709, 716 (Mo. App. E.D. 2013)).

"A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect such person was incapable of knowing and appreciating the nature, quality, or wrongfulness of such person's conduct." Section 552.030.1. A claim of NGRI "is considered an affirmative defense, requiring the defendant to carry the burden of proving that he has a mental disease or defect excluding responsibility" at the time of the conduct charged.

20

*Davis v. State*, 486 S.W.3d 898, 913 (Mo. banc 2016) (quoting *State v. Walkup*, 220 S.W.3d 748, 755 (Mo. banc 2007)). The initial order leading to Dr. Graham's evaluation of Movant requested an opinion on Movant's state of mind at the time of the occurrence under Section 552.030. No such opinion was provided by Dr. Graham or Dr. Telander in this case. There is no medical opinion addressing Movant's state of mind at the time of the occurrences in this case.

Movant was diagnosed with schizophrenia. Schizophrenia is a mental disease or defect under the statutory definition in Section 552.010. Both DMH reports confirm this diagnosis and statutory classification. In the Amended Motion, Movant alleged Dr. Graham, or another similarly situated examiner from DMH, would testify Movant's mental disease or defect at the time of the incident rendered her not legally responsible at the time of the incident.

Movant claimed Plea Counsel should have investigated an NGRI defense. Movant claimed Plea Counsel knew or should have known Movant was diagnosed with schizophrenia and, when Movant is not medicated, her mental condition is of great concern. Movant also claimed Plea Counsel knew or should have known Movant was not medicated on the date of the incident. Based on these claims, Plea Counsel should have investigated an NGRI defense. However, Plea Counsel failed to do so and neither DMH report addressed the viability of an NGRI defense.

We find Movant has alleged information Plea Counsel knew or should have known from reasonable investigation. Because no evidentiary hearing was held, we are not able to determine if testimony Movant alleged Dr. Graham would give was true. Therefore, we remand for an evidentiary hearing because the record before us does not refute Movant's alleged witness testimony which, if true, would entitle her to relief.

Movant's fourth point on appeal is granted, in part, for an evidentiary hearing.

*II. Competence at Sentencing (Points II and III)*

In her second and third points on appeal, Movant alleges Plea Counsel and the sentencing court erred for failing to consider or evaluate her competence at sentencing. Based on her third point on appeal, we vacate Movant's sentences because the sentencing court had reasonable cause at sentencing to question Movant's competence. Movant's second point relied on regarding Plea Counsel's effectiveness before and during sentencing is made moot by our disposition of Movant's third point on appeal.

## A. Sentencing Court's *Sua Sponte* Evaluation (Point III)

Movant claims the motion court erred in its judgment when it denied Movant's claim the sentencing court should have *sua sponte* ordered a competency examination at sentencing. The State responds Movant's lack of medication and testimony did not amount to reasonable cause for the sentencing court to order another evaluation. The State claims Movant's competency was not conditional on her medication and any delusional behavior was merely the result of frustration from the sentence, not her psychiatric condition.

The Fifth Amendment to the United States Constitution provides no one shall be "deprived of life, liberty or property without due process of law." It violates the due process guarantees to sentence a defendant who is not competent at the time of sentencing. *State v. Hygrade*, 543 S.W.3d 58, 62 (Mo. App. E.D. 2018) (citing *State v. Tokar*, 918 S.W.2d 753, 762 (Mo. banc 1996)). A judge is required to *sua sponte* order a mental examination if the judge has reasonable cause to believe a defendant lacks the mental capacity to proceed. *Id.* (citing Section 552.020.2). We must analyze whether a reasonable judge, under the same circumstances, would have had doubts regarding Movant's competence. *Id.* (internal citations omitted). Courts are vested with broad discretion. *Id.*

A defendant is presumed competent and bears the burden of showing a lack of competence. *McCurry-Bey*, 298 S.W.3d at 901 (citing Section 552.020.8). If a court has reasonable cause to believe an accused is not competent to proceed, the court must require an examination by a statutorily sanctioned professional. *See* Section 522.202.2. A report based on this examination will include: detailed findings; an opinion on whether the accused has a mental disease or defect; an opinion on whether the accused understands the proceedings and can assist in the defense on the charges; a recommendation whether the accused should be held in a hospital facility pending determination of mental fitness to proceed; and a recommendation whether the accused, if found to be mentally fit to proceed, should be detained in a hospital facility pending further proceedings. Section 552.020.3.

After an examination and report are completed and sent to the court, the court rules on an accused's fitness to proceed. *See generally* Section 552.020. A court may use the reports under Section 552.020.3 to find an accused is competent to proceed. Section 552.020.7. A court may also hold a hearing. Section 552.020.7. If the opinion on fitness is contested, a hearing must be held at which point the opponent may cross-examine the examiner and present evidence. *Id*.

We will not find fault with the sentencing court's failure to determine a question of competency where he or she has no reason to believe there is an issue. *Id*. There must be some information, evidence, or observation to show reasonable cause for us to rule a judge should have *sua sponte* ordered an examination. *Id*. Certain factors are commonly used to show reasonable cause existed, although no single factor is determinative. *State v. Tilden*, 988 S.W.2d 568, 578 (Mo. App. W.D. 1999) (citing *State v. Moon*, 602 S.W.2d 828, 835 (Mo. App. W.D. 1980)).

23

Two of the factors to be considered are any "prior commitments to mental institutions for evaluation" and "the nature of prior offenses causing earlier examinations." *Id*. (citing *Moon*, 602 S.W.2d at 835). Information considered for these factors can include "the manner in which the first suggestions of possible incompetency were handled." *Moon*, 602 S.W.2d at 835. Here, Movant was in and out of psychological treatment since 2007. Movant was regularly taken to the hospital due to assaultive behavior, treated, medicated, and then released. In this instance, Movant's initial presentation to the circuit court led to her commitment in DMH after her original counsel requested a Section 552.020 and Section 552.030 evaluation. Movant was ruled not competent to proceed. These factors support a finding of reasonable cause for the sentencing court to be concerned about Movant's competence.

"Inappropriate behavior or responses" is a third factor relevant to a finding of reasonable cause to believe a defendant lacks the capacity to proceed. *Tilden*, 988 S.W.2d at 578 (citing *Moon*, 602 S.W.2d at 835). At sentencing, Movant indicated she changed her name while incarcerated. Dr. Telander's report indicated a symptom of psychosis in Movant's record was stating she had a different name. At sentencing, Movant also made delusional religious claims. She told the sentencing court:

- "I'm not the devil's child, I know that."
- "[Y]ou're Donna's child so you're taking up for her."
- "Donna Washington is the devil."
- "That's not my mother. That's your mother."

Dr. Graham's report noted concern about religious delusions and outbursts during the examination leading to the original finding Movant was not competent due to a failure to show appropriate courtroom behavior. This testimony is also consistent with the delusion Donna Washington is not Movant's mother. These responses support a finding of reasonable cause to question Movant's competence at sentencing.

24

A fourth relevant factor is any "bizarre circumstances surrounding the alleged criminal activity in the case." *Id.* (citing *Moon*, 602 S.W.2d at 835). On the date of the charged incident, Movant was barricaded in her room. Police were called by Donna Washington to check on Movant because she had not been taking her medication. Movant was acting erratically. Although neither Dr. Graham nor Dr. Telander made a finding on Movant's mental condition at the time of the offense, the circumstances surrounding the alleged criminal activity also support a finding of reasonable cause for concern about Movant's competence at sentencing.

Based on these factors, we find the sentencing court had reasonable cause to order a mental evaluation before sentencing Movant.[11] Sentencing can only occur if the statutory requirements of Section 552.020 are met and it is determined Movant is competent to be sentenced. *See Tilden*, 988 S.W.2d at 580. Therefore, Movant's sentences are vacated.

## B. Ineffective Assistance for Failure to Argue Competence at Sentencing (Point II)

Movant claims the motion court erred by denying her claim Plea Counsel was ineffective for failing to investigate her competence at the time of sentencing. Movant claimed Plea Counsel should have investigated her competence to be sentenced based on Dr. Graham's and Dr. Telander's reports and Movant's testimony at sentencing. Movant also claimed it was reasonably probable the plea court would have found she was not competent to be sentenced had Plea Counsel investigated and raised this issue. The motion court did not hold an evidentiary hearing on whether she was competent to be sentenced. Because Movant's sentences have been vacated based on the analysis of Point III above, Movant's second point on appeal is denied as moot because remanding for an evidentiary hearing on this issue would "not have any practical effect" on this case. *See D.C.M. v. Pemiscot Cty. Juvenile Office*, 578 S.W.3d 776, 780 (Mo.

---

[11] The length of the sentences imposed by the sentencing court had no role in our analysis. The sentencing court has the authority to choose a sentence appropriate for "the offense and the offender[,]" considering the defendant's history, character, and attitude toward the offense. *State v. Smith*, 422 S.W.3d 411, 420-21 (Mo. App. W.D. 2013).

banc 2019) (internal quotations omitted) (quoting *State ex rel. Gardner v. Boyer*, 561 S.W.3d 389, 394 (Mo. banc 2018)).

Conclusion

Movant's sentences are vacated because Movant has shown there was reasonable cause for the sentencing court to have evaluated Movant' mental condition before entering the sentences. We remand to the motion court for an evidentiary hearing on Point IV to determine if Plea Counsel was ineffective for failing to raise an NGRI defense. If the motion court finds Plea Counsel was ineffective for failing to raise an NGRI defense, the motion court should vacate Movant's pleas and order an evaluation under Section 552.030 to determine Movant's competence at the time of the charged incident. We also remand to the motion court for an evidentiary hearing on Point I to determine if Plea Counsel was ineffective for allowing Movant to enter guilty pleas without considering Movant's competence. If the motion court finds Plea Counsel was ineffective for allowing Movant to enter guilty pleas when she was not competent, the motion court should vacate Movant's pleas and order an evaluation under Section 552.020 to determine Movant's competence to proceed. If there is no finding of ineffectiveness after Movant has had the opportunity to present evidence at an evidentiary hearing, Movant should be resentenced. Before Movant can be resentenced, Movant must be found competent under Section 552.020.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

26